# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 5, 2006 Session

## STATE OF TENNESSEE v. DELAWRENCE WILLIAMS

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Dyer County**
**No. C03-405     Lee Moore, Judge**

---

**No. W2004-01682-SC-R11-CD - Filed on May 23, 2006**

---

We granted this interlocutory appeal to review (1) whether the information used to obtain a search warrant to search the defendant's residence was provided by a "citizen informant" and thus presumptively reliable; and (2) whether the information, if not provided by a "citizen informant," nonetheless established probable cause under State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989).  The trial court denied the defendant's motion to suppress after finding that the information had not been provided by a citizen informant but that it nonetheless established probable cause under Jacumin. The Court of Criminal Appeals concluded that the information was presumptively reliable because it had been given by a citizen informant and upheld the denial of the motion to suppress without applying Jacumin.  After reviewing the record and applicable authority, we hold (1) that the trial court and the Court of Criminal Appeals properly granted the interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure and (2) that although the information used to obtain the search warrant for the defendant's residence was not provided by a "citizen informant," it established probable cause under Jacumin.  The judgment is, therefore, affirmed for the reasons herein.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and CORNELIA A. CLARK, JJ., joined.

Charles M. Agee, Jr., Dyersburg, Tennessee, for the Appellant, Delawrence Williams.

Paul G. Summers, Attorney General and Reporter; Michael R. Moore, Solicitor General; Mark A. Fulks, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## BACKGROUND

The defendant, Delawrence Williams ("Williams"), was indicted for possession of over one-half gram of cocaine with the intent to sell or deliver. He filed a motion to suppress the evidence, arguing that probable cause had not been shown for the issuance of a search warrant. After the trial court denied the motion to suppress, the trial court and the Court of Criminal Appeals granted an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The Court of Criminal Appeals affirmed the trial court's decision to deny the motion to suppress.

We granted this interlocutory appeal to review (1) whether the information used to obtain a search warrant to search the defendant's residence was provided by a "citizen informant" and presumptively reliable and (2) whether the information, if not provided by a "citizen informant," nonetheless established probable cause under State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989). We begin by summarizing the evidence from the suppression hearing that was held before the trial court on the defendant's motion to suppress.

Terry McCreight, an Investigator with the Dyer County Sheriff's Department, testified that officers responded to a domestic disturbance call at the defendant's home on September 28, 2003. The defendant and his girlfriend, Vivial Taylor ("Taylor"), were both arrested on charges of domestic violence.

As Taylor was arrested, she told McCreight that "if she was going to jail," then the defendant "was going to jail for a long time because there was drugs in the house." McCreight knew that the defendant had a prior drug-related conviction; Taylor, on the other hand, did not have a criminal record, was not an informant, and was not involved in the sale or use of drugs. McCreight said that Taylor "did not seem irate" when she told him about the drugs in the house. He conceded, however, that he did not consider her reason for providing the information and whether her motive was revenge against the defendant.

After calling the District Attorney General, McCreight obtained a search warrant on the basis of the following affidavit:

> [Investigator McCreight] makes oath that he has reason to believe that there is probable cause for believing that B/M Delawrence Williams is/are in possession of the following described property, to wit: Marijuana and Cocaine . . . upon the following described premises to wit: beginning 440 Bean rd. [sic] . . . . [O]n 09/28/03 at 14:42 hrs the Dyer County Sheriff's Dept. Deputies were dispatched to 440 Bean Mill rd. [sic] in reference to a domestic disturbance. Upon deputies [sic] arrival to the scene Deputy Kenny Gibbons and Deputy Lynn Waller made contact with b/f [V]ivial Taylor and b/m Delawrence

Williams. After deputies interviewed both subjects[,] investigation revealed that Vivial Taylor was the girlfriend of b/m Delawrence Williams and there was evidence [that] domestic violence had occurred at the residence. Deputies arrested Delawrence Williams and Vivial Taylor for Domestic Violence Assault. B/f Vival [sic] Taylor stated to deputies that there was Cocaine and Marijuana inside of the residence. Vivil [sic] Taylor stated she stayed overnight on 09/27/03 at the residence and saw cocaine in the closet of Delawrence Williams [sic] residence. Vival [sic] Taylor stated that she also saw marijuana in the residence. B/m Delawrence Williams recently plead[ed] guilty in Circuit Court of Dyer County to a Cocaine Charge.

When the search warrant was executed, Taylor allowed officers into the defendant's home with her key. The search of the defendant's residence uncovered both cocaine and marijuana in the defendant's bedroom.

The defendant argued that the affidavit in support of the search warrant did not establish probable cause because Vivial Taylor was not a citizen informant and because the affidavit did not satisfy the two-prong standard for probable cause under State v. Jacumin, 778 S.W.2d at 436. The State argued that the affidavit established probable cause because Vivial Taylor was a citizen informant whose statements were presumptively reliable. The State also argued that the affidavit established probable cause under Jacumin.

Although the trial court found that Vivial Taylor was "not part of the criminal milieu dealing with the drugs in question," it concluded that Taylor was not a citizen informant because she was "part of the domestic disturbance dispute that prompted the initial call to law enforcement officers" and because "revenge could very well [have been] her reason for her statement." The trial court nonetheless concluded that the affidavit established probable cause under Jacumin:

> [T]he affidavit sufficiently demonstrates the basis of the informant's knowledge and the reliability of the information provided. Ms. Taylor was the defendant's girlfriend. She had stayed the night before in the defendant's home and had observed cocaine and marijuana. The defendant had recently pled guilty to a cocaine charge.

The Court of Criminal Appeals granted this interlocutory appeal, see Tenn. R. App. P. 9, and affirmed the trial court's denial of the motion to suppress. Unlike the trial court, however, the Court of Criminal Appeals concluded that Vivial Taylor was a citizen informant:

> The affidavit specifically identified her by name. Furthermore, it provided a particularized explanation for why she was in the residence and how she happened upon her information about the

drugs, stating that she was the defendant's girlfriend and had spent the previous evening in the defendant's home, where she had seen the drugs. In addition, it contained the corroborating information by Investigator McCreight that he was aware of the defendant's having recently pled guilty to the sale or possession of cocaine.

The court thus concluded that the affidavit established probable cause because the information provided by Taylor was "presumptively reliable" and was corroborated by Investigator McCreight's knowledge of the defendant's prior criminal history.

We then granted review.

## ANALYSIS

### Interlocutory Appeal

The State contends that the search issue decided by a pretrial ruling does not meet the criteria for an interlocutory appeal. With respect to the lower courts' decisions to grant interlocutory review, we first consider the language of Rule 9 of the Tennessee Rules of Appellate Procedure. The rule provides that "[i]n determining whether to grant" an interlocutory appeal, factors which "neither control[] nor fully measur[e] the court's discretion," but "indicate the character of the reasons that will be considered" are:

> (1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment.

Tenn. R. App. P. 9(a).

We recently observed that "interlocutory appeals to review pretrial orders or rulings, i.e., those entered before a final judgment, are 'disfavored,' particularly in criminal cases." State v. Gilley, 173 S.W.3d 1, 5 (Tenn. 2005) (quoting United States v. MacDonald, 435 U.S. 850, 853

(1978)).  We explained that interlocutory review of pretrial rulings can create piecemeal appellate litigation and create delay.  Id.  (citing Cobbledick v. United States, 309 U.S. 323, 325 (1940)).

In Gilley, for instance, both the Court of Criminal Appeals and the trial court granted an interlocutory appeal to review the trial court's evidentiary rulings under Rule 404(b) of the Tennessee Rules of Evidence.  We held, however, that the courts erred in granting the interlocutory appeal because a trial court's rulings under Rule 404(b) can be challenged in an appeal as of right if the defendant is convicted and because the interlocutory appeal was not likely to prevent needless, expensive, and protracted litigation for either the defendant or the State.  Gilley, 173 S.W.3d at 6.

In contrast, the decision to grant interlocutory review in this case is supported by the trial court's findings and the record.  There is no doubt that the defendant may appeal the suppression issue if convicted following a trial.  However, the trial court specifically found that "if the Court finds the defendant's position is well-taken, it would avoid the time and expense of a trial for the defendant and for the State of Tennessee."  In addition, the trial court found that there was "a need to establish a uniform body of law" in determining whether information used to obtain a search warrant has been provided by a citizen informant.  Given these specific findings by the trial court, we agree that the grant of the interlocutory appeal was appropriate under Rule 9 of the Tennessee Rules of Appellate Procedure.

Probable Cause for Search Warrant

Turning to the substantive issues, we begin with a review of familiar constitutional principles.  First, article I, section 7 of the Tennessee Constitution states:

> That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offenses are not particularly described and supported by evidence, are dangerous to liberty and ought not be granted.

Next, the Fourth Amendment states in part that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons and things to be seized."  U.S. Const. Amend. IV.

These constitutional principles require that a search warrant be issued only on the basis of a supporting affidavit that establishes probable cause before a "neutral and detached" magistrate.  Jacumin, 778 S.W.2d at 431; see also State v. Stevens, 989 S.W.2d 290, 293 (Tenn. 1999).  Probable cause generally requires reasonable grounds for suspicion, supported by circumstances indicative of an illegal act.  Stevens, 989 S.W.2d at 293.

-5-

When courts review an affidavit used to establish probable cause for a search warrant, a distinction is made between information provided by "citizen" or "bystander" informants and information provided by "criminal informants" or an informant from a "criminal milieu." Id.; see also State v. Melson, 638 S.W.2d 342, 354 (Tenn. 1982). The information provided by a citizen informant is "presumed to be reliable." Stevens, 989 S.W.2d at 293 (quoting Melson, 638 S.W.2d at 356). In contrast, the information from a criminal informant must be examined under the two-part analysis adopted in Jacumin:[1] the affidavit used to support a search warrant must show (1) the basis for the informant's knowledge and (2) the reliability of the informant or the information. 778 S.W.2d at 436; see also State v. Cauley, 863 S.W.2d 411, 417 (Tenn. 1993). Both prongs of this analysis must be independently considered and satisfied. Stevens, 989 S.W.2d at 294.

In Stevens, we noted that "[i]nformation supplied to officers by the traditional police informer is not given in the spirit of a concerned citizen, but often is given in exchange for some concession, payment, or simply out of revenge against the subject." Id. (quoting State v. Smith, 867 S.W.2d 343, 347 (Tenn. Crim. App. 1993)). A citizen informant, however, "is a witness to criminal activity who acts with an intent to aid the police in law enforcement because of his concern for society or for his own safety[]" and who "does not expect any gain or concession in exchange for his information." Id.; see also State v. Marcus, 660 N.W.2d 837, 842 (Neb. 2003) (noting that citizen informants have no "motive to exaggerate, falsify, or distort the facts to serve [their] own ends").

In Stevens, the affidavit stated that an "adult concerned citizen source" had told officers he had seen methamphetamine being stored and cooked at a residence within the prior seventy-two hours. The affidavit further stated that the "citizen" was believed to be "reliable and truthful," had asked for no payment in providing the information, and had "acted on civic duty." 989 S.W.2d at 292. We held that the affidavit contained mere assertions that the information was obtained from a "citizen informant" and that there was no "particularized showing or explanation" in the affidavit to bolster or corroborate the assertions. Id. at 294-95. We nonetheless concluded that the affidavit established probable cause under Jacumin by showing the basis of the informant's knowledge and the reliability of the information. Id. at 295.

In some cases, however, information used to obtain a search warrant may be provided by one who is neither a "citizen" or a "bystander" informant on one hand nor a "criminal" informant on the other. In United States v. Phillips, 727 F.2d 392 (5th Cir. 1984), for instance, the affidavit in support of a search warrant was based on information from an estranged wife whose husband had threatened to shoot her. The court observed that, unlike "citizen informants," some informants may be involved with the defendant whose person or residence is to be searched and may "have personal reasons for

---

[1] The test was derived from two United States Supreme Court cases, Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969), in which the Court said that an affidavit based on information from a confidential informant must contain facts demonstrating the basis of the informant's knowledge and the credibility of either the informant or the information. Although the Supreme Court later abandoned this analysis for a totality of circumstances approach, Illinois v. Gates, 462 U.S. 213 (1983), this Court kept the Aguilar-Spinelli analysis under article I, section 7 of the Tennessee Constitution. Jacumin, 778 S.W.2d at 436.

giving shaded or otherwise inaccurate information to law enforcement officials . . . ." Id. at 397 (quoting United States v. Flynn, 664 F.2d 1296, 1302-03 (5th Cir. 1982)). The court emphasized that the wife "had recently quarreled with and left her husband" and that she did "not fit comfortably within the description of an 'eyewitness-bystander.'" Phillips, 727 F.2d at 397. Although the court found that the information was not "presumptively reliable," it went on to conclude that probable cause had been established under a totality of circumstances analysis. Id.; see also Hodsdon v. State, 698 P.2d 1224, 1228 (Alaska Ct. App. 1985) (court determined that informant was "somewhere between a citizen informant and a police informant" and thus, applied traditional probable cause analysis).

In other similar cases, courts have analyzed probable cause without affording a possible citizen informant a presumption of reliability. See Massachusetts v. Upton, 466 U.S. 727 (1984) (finding probable cause under the totality of circumstances analysis where information was provided by an estranged girlfriend); State v. Wilke, 778 P.2d 1054 (Wash. Ct. App. 1989) (finding probable cause under the two-prong Aguilar-Spinelli test where information was provided by the defendant's ex-wife); State v. Luleff, 729 S.W.2d 530 (Mo. Ct. App. 1987) (finding probable cause under the totality of circumstances analysis where information was provided by the defendant's estranged wife).

Here, the affidavit did not indicate that the informant, Vivial Taylor, was a criminal informant or part of the "criminal milieu" as to the underlying offenses, i.e., the defendant's possession of cocaine. Similarly, Investigator McCreight testified that Taylor was not involved in any drug-related offenses. On the other hand, the affidavit also did not establish that Taylor provided the information as a law-abiding citizen motivated solely by a sense of civic duty; she did not, for instance, *contact* police prior to her arrest to report the defendant's possession of cocaine. Compare Phillips, 727 F.2d at 393. To the contrary, the affidavit states that Taylor told officers about the defendant's possession of cocaine only when she was in the midst of a domestic disturbance that led to her arrest and the arrest of the defendant. Although Investigator McCreight testified that Taylor did not seem irate, he acknowledged that he did not consider whether she was acting for revenge or a similar motivation. Under these circumstances, and in the absence of additional particularized information in the affidavit, see Stevens, 989 S.W.2d at 294-95, we agree with the trial court that Taylor's information was not presumptively reliable as a citizen informant.

Accordingly, we next turn to whether the affidavit established probable cause under the two-prong test in Jacumin. First, the affidavit established the basis of knowledge prong in that Taylor saw cocaine and marijuana in the defendant's home and had firsthand knowledge of the facts. See Stevens, 989 S.W.2d at 295. Second, the affidavit did not establish Taylor's reliability but instead established the information's reliability; indeed, the affidavit revealed that Taylor described the specific drugs in the defendant's residence and the location of the drugs. See id. In addition, she shared the defendant's residence, and she had a key to the home that she used in allowing officers to execute the search warrant. Moreover, the information was also corroborated by Investigator McCreight's knowledge of the defendant's prior drug-related conviction. In sum, we conclude that the affidavit established probable cause under the two-prong analysis in Jacumin.

**CONCLUSION**

After reviewing the record and applicable authority, we hold (1) that the trial court and the Court of Criminal Appeals properly granted the interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure and (2) that although the information used to obtain the search warrant for the defendant's residence was not provided by a "citizen informant," it established probable cause under the two-prong analysis in <u>Jacumin</u>.  The judgment is, therefore, affirmed on the grounds set out.  The costs of the appeal are taxed to the defendant, Delawrence Williams, and his surety, for which execution shall issue if necessary.

_____
E. RILEY ANDERSON, JUSTICE