# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 10, 2007

## STATE OF TENNESSEE v. BOBBY GLENN SCOTT

**Direct Appeal from the Circuit Court for Henderson County**
**No. 06056-2      Donald A. Allen, Judge**

---

**No. W2007-00373-CCA-R3-CD  - Filed January 28, 2008**

---

Defendant, Bobby Glenn Scott, entered a plea of guilty to possession of methamphetamine, a Schedule II drug, a Class B felony; possession of unlawful drug paraphernalia, a Class A misdemeanor; and unlawful possession of a handgun by a convicted felon, a Class E felony. The transcript of the guilty plea submission hearing is not in the record. The judgments of conviction reflect that the trial court sentenced Defendant as a Range I, standard offender, to twelve years for possession of *cocaine*, two years for his weapons conviction, and eleven months, twenty-nine days for his misdemeanor conviction. The trial court ordered Defendant to serve his sentences concurrently for an effective sentence of twelve years. Defendant attempted to reserve a certified question of law under Rule 37(b)(2)(I) of the Tennessee Rules of Criminal Procedure, challenging the trial court's denial of his motion to suppress the evidence seized after execution of a search warrant. After review, we conclude that this Court does not have jurisdiction to address the certified question because the certification did not meet the requirements of *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988). The appeal is, therefore, dismissed.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Jack S. Hinson, Lexington, Tennessee, for the appellant, Bobby Glenn Scott.

Robert E. Cooper, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; James G. Woodall, District Attorney General; and Bill R. Martin, Assistant District Attorney General for the Appellee, State of Tennessee.

**OPINION**

## I. Factual Background

On October 23, 2006, Defendant was indicted for possession of 0.5 grams or more of methamphetamine with the intent to sell, possession of 0.5 grams or more of methamphetamine with the intent to deliver, possession of drug paraphernalia, and unlawful possession of a handgun by a convicted felon. Defendant filed a motion to suppress the items seized during a search of his residence, arguing that the affidavit of the investigating officer failed to establish probable cause for the issuance of the search warrant. Specifically, Defendant argued that the affidavit failed to indicate the basis of the informant's credibility or the reliability of the informant's information. Following a hearing, the trial court denied Defendant's motion to suppress.

Thereafter, on February 7, 2007, Defendant entered into a negotiated plea agreement under Rule 11(e) of the Tennessee Rules of Procedure, in which he pled guilty to possession of methamphetamine, possession of drug paraphernalia, and felony possession of a weapon. The plea was accepted by the trial court.

As part of his plea, Defendant attempted to reserve the right to appeal a certified question of law dispositive of the case pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure. The respective judgments of conviction forms entered on February 3, 2007, contained the following notation within the special conditions section: "Defendant explicitly reserves the question of law on the motion to suppress as to an appeal in this case as the certified question would be dispositive of this case." The State argues initially on appeal that the question is not properly before this Court because Defendant has failed to comply with the prerequisites for reserving a certified question of law. We agree.

## II. Reservation of Certified Question of Law

Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure provides that a defendant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>
> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and

(D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case.

*See also State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003); *State v. Preston*,759 S.W.2d 647, 650 (Tenn. 1988).

Additionally, in *Preston*, our supreme court explicitly provided prerequisites to appellate consideration of a certified question of law under Rule 37(b)(2)(i), stating:

[r]egardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

*Preston*, 759 S.W.2d at 650.

Failure to properly reserve a certified question of law pursuant to *Preston* will result in the dismissal of the appeal. *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996). The burden is on the defendant to see that the prerequisites are in the final order and that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. *Preston*, 759 S.W.2d at 650.

In *Armstrong*, our supreme court reiterated that strict compliance with *Preston* is required:

[O]ur prior decisions demonstrate that we have never applied a substantial compliance standard to the *Preston* requirements as urged by the defendant in this case. To the contrary, we have described the requirements in *Preston* for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of *Preston*. We therefore reject the defendant's argument that substantial compliance with the requirements set forth in *Preston* is all that is necessary in order to appeal a certified question of law.

*Armstrong*, 121 S.W.3d at 912 (citations omitted).

The judgments of conviction in the instant case do not *expressly* state that Defendant is of the opinion that the certified question is dispositive of the case, even though the prosecutor and the trial judge both signed the judgments which state the certified question would be dispositive of the case, nor does the judgment expressly state that the certified question was reserved with the consent of all parties. Nor does the judgment of conviction refer to or incorporate any other independent

document which would satisfy the *Preston* requirements. *See State v. Bowery*, 189 S.W.3d 240, 246 (Tenn. Crim. App. 2004).

The issue reserved is the "question of law on the motion to suppress." We agree with the State that the certified question is not so clearly stated as to identify the scope and limits of the legal issue reserved. Defendant bears the burden of "reserving, articulating, and identifying the issue." *Pendergrass*, 937 S.W.2d at 838. As the *Pendergrass* court cautioned:

> [w]here questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional statement otherwise. Without an explicit statement of the certified question, neither the defendant, the State, nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case.

*Preston*, 759 S.W.2d at 650.

Based on the foregoing, we conclude that Defendant's certified question "of law on the motion to suppress" is overly broad and fails to clearly identify the scope and the limits of the legal issue reserved. Thus, we are without jurisdiction to review the merits of Defendant's claim because he has failed to properly reserve his certified question of law. Accordingly, the appeal is dismissed.

## III. Probable Cause

In the event of further review, however, we will address Defendant's challenge to the issuance of the search warrant. On January 13, 2006, police officers searched Defendant's residence pursuant to a search warrant obtained by Investigator Ricky Montgomery with the Lexington Police Department. The search revealed the presence of drugs, drug paraphernalia and firearms resulting in Defendant's indictment for the charged offenses. Defendant filed a pretrial motion to suppress the evidence obtained as a result of the search warrant, arguing that the affidavit was insufficient because it failed to establish probable cause. Specifically, Defendant contended that the affidavit failed to establish the criminal informant's credibility or the reliability of his information.

Under both the Fourth Amendment to the United States Constitution and Article I, section 7, of the Tennessee constitution, no warrant may be issued except "upon probable cause supported by oath or affirmation." The Fourth Amendment warrant requirement demands that a probable cause determination be made by a neutral and detached magistrate. *State v. Valentine*, 911 S.W.2d 328, 330 (Tenn. 1995); *State v. Jacumin,* 778 S.W.2d 430, 431 (Tenn. 1989); *State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992). Probable cause has generally been defined as "a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." *State v. Johnson*, 854 S.W.2d 897, 899 (Tenn. Crim. App. 1993). If probable cause is absent, the magistrate is not

empowered to issue a warrant. When reviewing the issuance of a search warrant, this Court must determine whether the magistrate had a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing. *Jacumin*, at 432 (citations omitted). "[I]n passing on the validity of a warrant, the reviewing court may consider *only* the information brought to the magistrate's attention." *Jacumin*, 778 S.W.2d at 431-32. We may not consider any evidence that was not included in the affidavit *even if it* was known by the affiant or provided to or possessed by the issuing magistrate. *State v. Carter*, 160 S.W.3d 526, 533 (Tenn. 2005); *State v. Henning*, 975 S.W.2d 290, 295 (Tenn. 1998). The magistrate's judgment is entitled to great deference on appeal. *Jacumin*, 778 S.W.2d at 431-32.

The relevant portion of the affidavit given by the affiant, Investigator Montgomery, in support of the issuance of the search warrant states as follows:

> On January 12, 2006, officers from the Lexington Police Department made a traffic stop. During the search of the vehicle a large amount of suspected methamphetamine was located on one of the individuals in the vehicle. After speaking to the person Tim Cotham, he stated he along with [two] friends went to the residence of the person listed above[,] Glenn Scott[,] and purchased the suspected methamphetamine. Mr. Cotham stated he had been to Glenn Scott[']s residence on four different occasions to purchase methamphetamine. Mr. Cotham stated they went out to Glenn Scott's shop in his back yard to get the methamphetamine. Mr. Cotham [also] stated he saw methamphetamine inside the residence. Glenn then got the methamphetamine out of a red tool box inside the shop. Mr. Cotham then stated Glenn sold the drugs to him for $700.00 and told him he should make about $1500.00 with this amount. Mr. Cotham did state he sold methamphetamine in the past. The other two individuals were interviewed separately and did corroborated [sic] Mr. Cotham[']s statement.

In order to establish probable cause, an affidavit may include hearsay information supplied by an informant. *See Henning*, 975 S.W.2d at 294-95. Tennessee law, however, distinguishes between "citizen informants" and "criminal informants." Special rules fulfill the need for a detached and neutral review when probable cause is supplied by an informant who is an informant drawn from the "criminal milieu." In such situations, Tennessee requires the application of the two-pronged *Aguilar-Spinelli* test. *Smotherman*, 201 S.W.3d at 662 (citing *State v. Williams*, 193 S.W.3d 502, 507 (Tenn. 2006)*; Jacumin*, 778 S.W.2d at 431; *see Spinelli v. United States,* 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed 2d. 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964). The two-pronged test must be used to assure (1) the basis of the informant's knowledge and (2) the credibility of the informant or the reliability of the information. *Smotherman*, 201 S.W.3d at 662 (citing *State v. Cauley,* 863 S.W.2d 411, 417 (Tenn.1993)); *Jacumin*, 778 S.W.2d at 432. Each prong must be considered and satisfied separately to establish probable cause. *Williams*, 193 S.W.3d at 507. The affidavit must contain more than conclusory allegations. *Moon*, 841 S.W.2d at 338.

The affidavit states that Mr. Cotham told Investigator Montgomery that he had purchased methamphetamine from Defendant at Defendant's residence and that he had previously purchased methamphetamine from Defendant on four occasions. The affidavit goes on to state that Mr. Cotham had methamphetamine in his possession, and that Defendant retrieved the methamphetamine from a red tool box located inside Defendant's shop in the backyard, and that Mr. Cotham also observed methamphetamine inside the house. The affidavit also states that Mr. Cotham admitted to selling methamphetamine in the past. The informant's basis of knowledge that methamphetamine was located at Defendant's premises was established, but what was *not* established in the affidavit was *when* Mr. Cotham bought and observed the methamphetamine on Defendant's premises.

The only information provided in the affidavit that could even arguably attempt to establish the reliability of the information or Mr. Cotham's credibility, was a statement that "[t]he two other individuals [in the vehicle] were interviewed separately and did corroborat[e] Mr. Cotham's statement." No information concerning what portion of Mr. Cotham's information was corroborated by the two passengers is reflected in the affidavit. The affidavit merely reflects that three people were stopped because of a traffic violation, one of the individuals carried methamphetamine on him, the person admitted to buying and selling methamphetamine before (establishing himself as part of the "criminal milieu,") the person said that he bought the methamphetamine from Defendant, and the person supplied some details of the transaction. The affidavit does not contain any statement that Mr. Cotham had provided reliable information in the past or even whether the affiant knew Mr. Cotham.

Relying on *Spinelli*, the State argues that the "minute particularity" with which Mr. Cotham described the drug transaction supports a finding that Mr. Cotham's information was credible. That is, Mr. Cotham stated that the methamphetamine was kept in a shed in Defendant's back yard in a red tool box.

If an informant does not reveal how he or she came to be in possession of the information, the *basis of knowledge prong* of the *Aguilar-Spinelli* test can be satisfied if the informant's information is "in such sufficient detail that the magistrate may know that he is relying on something more substantial than "a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Jacumin*, 778 S.W.2d at 432 (quoting *Spinelli*, 393 U.S. at 416, 89 S. Ct. at 589). The Court in *Spinelli* cited *Draper v. United States*, 358 U.S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327 (1959) with approval as a "suitable benchmark." *Spinelli*, 393 U.S. at 416-417, 89 S.Ct. at 589. The informant in *Draper* did not state the way he came by the information, but described with particularity numerous details including the clothing that Draper would be wearing upon arriving at the station. The *Spinelli* court observed that under *Draper*, "[a] magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way." *Id*. at 417, 589.

In the case *sub judice,* Mr. Cotham's basis of knowledge was established by his personal observations and dealings with Defendant. However, the description of Defendant's yard and shed, while arguably adding to the basis of Mr. Cotham's knowledge under *Draper*, did not satisfy the

*Aguilar-Spinelli* requirement that the affidavit show either that the information was reliable or that Mr. Cotham was credible. *See Draper*, 358 U.S. at 313, 79 S. Ct. at 333 (noting that the informant had given reliable information in the past, and the investigating officer personally verified the details of the informant's description of the suspect's activity, thus, only the basis of the informant's knowledge was at issue). The affidavit in the case *sub judice* does not provide a corroboration of the details of Mr. Cotham's statement nor does it contain a statement that Mr. Cotham had provided reliable information in the past. The details of the transaction provided by Mr. Cotham only became credible after they were verified during the execution of the search warrant.

The State argues, however, that Mr. Cotham's information was verified by Investigator Montgomery's independent corroboration. Presumably, the State is referring to the police surveillance activities described in Investigator Montgomery's testimony at the suppression hearing because the affidavit makes no mention of independent police corroboration. Although "independent police corroboration can make up deficiencies either as to the basis of knowledge or reliability," such corroboration must be reflected within the four corners of the affidavit. *Smotherman*, 201 S.W.3d at 664 (citing *Jacumin*, 778 S.W.2d at 436); *State v. Stepherson*, 15 S.W.3d 898, 903-904 (Tenn. Crim. App. 1999). The only evidence of independent police corroboration was revealed during the testimony presented at the suppression hearing. "Tennessee law is clear that in determining whether or not probable cause supported issuance of a search warrant *only the information contained within the four corners of the affidavit* may be considered." *State v. Keith*, 978 S.W.2d 861, 870 (Tenn. 1998) (citing *Jacumin*, 778 S.W.2d at 432).

At the suppression hearing, Investigator Montgomery testified that prior to obtaining the search warrant, Defendant's residence had been the target of a police surveillance. Investigator Montgomery testified that he observed a person later identified as Tim Cotham enter and exit Defendant's house. Mr. Cotham was pulled over for committing a traffic violation shortly after he left Defendant's residence. Mr. Cotham and his two passengers were arrested after approximately one-half ounce of methamphetamine was discovered on one of the passengers.

In appears from the record that the trial court relied in part upon Investigator Montgomery's testimony at the suppression hearing concerning the surveillance activities to support a finding of probable cause. Our supreme court has concluded that reliance of testimony at a suppression hearing to support a finding that probable cause existed for the issuance of a search warrant is inappropriate. *Moon*, 841 S.W.3d at 337. The supreme court observed of the facts before it in that case that:

> [w]ithout question, the evidence presented at the hearing was more than adequate to show probable cause that criminal activity regarding marijuana was afoot at the defendant's residence. However, this same evidence was not contained in the affidavit submitted to obtain the search warrant. We do not question the reliability of the affiant's testimony, but as a matter of policy the consideration of such evidence is inappropriate and lends itself to the risk of after-the-fact justification for a warrant.

*Id*. at 337-338.

As the State urges, we are sensitive to a hypertechnical application of the two-pronged test. *Smotherman*, 201 S.W.3d at 664 (citing *Jacumin*, 778 S.W.2d at 436). "The need to refrain from hypertechnical application, however, 'should not result in our ignoring the responsibility placed upon the judiciary by constitutional and statutory mandate to make an independent determination of probable cause, by affidavit, before a warrant may issue.'" *Smotherman*, 201 S.W.2d at 664 (quoting *Moon*, 841 S.W.2d at 342).

Accordingly, because a review would be limited to the contents of the affidavit only, the affidavit failed to show either that Mr. Cotham's information was reliable or that he was credible, and the second prong of the *Aguilar-Spinelli* test was thus not met. The search warrant for Defendant's home was not based on probable cause, and the evidence should have been suppressed.

## CONCLUSION

Because of Defendant's failure to properly frame his certified question of law, this Court is unable to reach the merits of Defendant's claim as this Court has no jurisdiction to entertain this appeal. *See* Tenn. R. Crim. P. 37(b)(2)(i). Accordingly, this appeal is dismissed.

_____
THOMAS T. WOODALL, JUDGE