# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 11, 2011 Session

## STATE OF TENNESSEE v. ROBERT JASON BURDICK

### Appeal from the Criminal Court for Davidson County
### No. 2008-B-1350   Seth Norman, Judge

---

### No.  M2010-00144-CCA-R3-CD - Filed December 2, 2011

---

Appellant, Robert Jason Burdick, was indicted for several offenses by the Davidson County Grand Jury in May of 2008.  At issue herein is Appellant's indictment for aggravated rape allegedly occurring on March 1, 1994.  After a trial in October of 2009, Appellant was found not guilty of aggravated rape but guilty of the lesser included offense of attempted aggravated rape.  As a result, Appellant was sentenced to ten years in incarceration, to be served consecutively to sentences for other convictions that are unspecified in the record herein. On appeal, Appellant argues that the issue before this Court is whether his conviction is barred by the statute of limitations.  We hold that the affidavit of complaint in this case establishes probable cause and that a John Doe warrant with a DNA profile as identifying information is sufficient to commence a prosecution.  Therefore, from the record before us it appears that the prosecution against Appellant commenced with the issuance of a valid arrest warrant, well within the applicable statute of limitations.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined and DAVID H. WELLES, J., not participating.

John E. Herbison, Nashville, Tennessee, for the appellant, Robert Jason Burdick.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On the evening of February 28, 1994, P.Y.,[1] a female attorney in Nashville, Tennessee, came home after work and went to bed at around 8:30 p.m. She was awakened at some point early the next morning by a sharp blow to the back. She discovered a male intruder lying on top of her. He was not wearing pants and had something like pantyhose obscuring his face. During the assault, the intruder tried to tie the victims hands with twine and struck the victim repeatedly. He placed his hand against her vaginal area. In an effort to thwart the attack and assault, the victim bit the intruder multiple times. At some point during the attack, the victim realized that she had actually bitten off a piece of skin from the intruder's finger. The victim plucked the skin out of her teeth and placed it under her bed.

The victim begged for the intruder to stop. The intruder eventually stopped and forced the victim into the bathroom and shut the door. After waiting for several moments, the victim exited the bathroom and discovered that the intruder was gone. She retrieved her gun from a bedside table drawer before calling 911.

When the police arrived, the victim showed police the piece of skin that she bit off of the intruder and stored under her bed. A DNA profile was developed from the piece of skin. Initially, the DNA profile did not match anyone in the Combined DNA Index System ("CODIS") database.

On February 2, 2000, Rita Brockman Baker, a prosecutor, filed an affidavit of complaint in the Davidson County General Sessions Court against "John Doe." The affidavit alleged that Ms. Baker had probable cause to believe that John Doe committed aggravated rape in violation of Tennessee Code Annotated section 39-13-502. The probable cause was listed as:

> On March 1, 1994, [the victim] was in her residence at 5028 Franklin Road, Nashville, Davidson County, Tennessee. At approximately 0350 to 0400 hours, she was awakened in her bed by John Doe defendant on top of her. Defendant repeatedly beat her. [The victim] struggled against his attack. Defendant tried unsuccessfully to tie her hands. Defendant put his hand against her vaginal area, but did not make penetration. [The victim] fought him until she was exhausted. She thought she was going to die. [The victim]

---

[1] It is the policy of this Court to identify of victims of sexual assault by their initials.

begged for him to stop. Defendant stopped his attack, had her wait inside her bathroom, and left her residence.

During this attack, [the victim] was able to bite the defendant on the hand. This bite produced a piece of skin that was submitted to the Tennessee Bureau of Investigation, Forensic Services Crime Laboratory for DNA analysis. This analysis produced a profile on John Doe that can exclude any other possible suspect. (See attached DNA profile identifying John Doe.)

The Affidavit of Complaint is attached to a DNA profile dated "1/27/2000" that contains the "STR DNA profile of John Doe/TBI case # 94103010." The affidavit also lists a corresponding warrant number of GS122. Based upon the probable cause established by that affidavit, warrant number GS122 was issued on February 2, 2000.[2]

In April of 2006, the Davidson County Grand Jury issued a multi-count indictment charging John Doe aka "Wooded Rapist" with aggravated burglary and aggravated rape of the victim.[3] The capias indicated that it "replac[ed] unserved warrant GS122."

In early 2008, Appellant was developed as a suspect in this particular case. The DNA profile and fingerprints recovered from the scene of the attack in 1994 matched Appellant's DNA profile and fingerprints. In May of 2008, a superceding indictment was returned against Appellant, changing the name from John Doe in the indictment to Appellant's name.

A jury trial was held on October 12-15, 2009. At the conclusion of the State's proof, Appellant moved for a judgment of acquittal based upon the "failure" of the State to introduce evidence of sexual penetration. The trial court denied the motion, stating that it was a "question for the jury." Subsequently, Appellant also argued that all of the lesser included offenses were time-barred. Appellant claimed that the "evidence does not show that [a warrant was issued during the appropriate statute of limitations]" and even if it had, it did not place Appellant on notice. In apparent reference to the affidavit of complaint, the trial court noted that "the instrument [the parties] agreed to says warrant number GS122" and both "the State and the defense stipulated that it was correct" and "agreed that the instrument could be introduced." The prosecution announced the warrant that had issued as a result of the affidavit of complaint had been lost.

---

[2]Appellant claims the warrant is not a part of the record, however a warrant numbered GS122 appears in a supplement to the record ordered by the trial judge.

[3]The multi-count indictment also included charges for incidents unrelated to the victim herein.

After the denial of the motion for judgment of acquittal, Appellant complained that no lesser included offenses should be charged to the jury because they were time-barred. Counsel for Appellant claimed that "the only lesser included that is arguably preserved or arguably commenced by the alleged warrant in this case is attempt to commit aggravated rape." Counsel for Appellant specifically objected to the inclusion of aggravated sexual battery and rape in the charge to the jury as the prosecution for these offenses was not commenced during the statute of limitations. The State responded to Appellant's statute of limitations argument by conceding that any D and E felonies and/or misdemeanors were time-barred.

It appears from the record that the trial court charged the jury with aggravated rape as well as the lesser included offenses of attempted aggravated rape, rape, and aggravated sexual battery. The entire jury charge does not appear in the record on appeal.

At the conclusion of the deliberations, Appellant was found guilty of the lesser included offense of attempt to commit aggravated rape, a Class B felony. After a sentencing hearing, he was sentenced to ten years in the Department of Correction. Appellant filed a timely notice of appeal.

*Analysis*

On appeal, Appellant argues that his conviction for attempt to commit aggravated rape is barred by the applicable statute of limitations. Specifically, Appellant argues that an affidavit of complaint was not sufficient to commence prosecution prior to the expiration of the statute of limitations and that no warrant was introduced during trial. Additionally, Appellant argues that if the affidavit of complaint is treated as a warrant, it is defective because it fails to establish probable cause. Lastly, Appellant insists that this Court is "without authority to create a DNA exception that will toll an applicable statute of limitations." The State disagrees, countering Appellant's argument by stating that an arrest warrant was issued within six years of the date of the offense, commencing prosecution within the applicable statute of limitations.

At the outset, we note that the facts regarding the issues are not in dispute. Because our analysis employs the construction and interpretation of various statutes and the rules of criminal procedure, our review is de novo with no presumption of correctness afforded to the ruling of the trial court. *State v. Ferrante*, 269 S.W.3d 908, 911 (Tenn. 2008).

As related to the case herein, Appellant was charged with aggravated rape, a Class A felony. T.C.A. § 39-13-502. Appellant was convicted of attempted aggravated rape, a Class B felony. T.C.A. §§ 39-13-502, 39-12-101, -107. Accordingly, the prosecution for

aggravated rape had to begin within fifteen years of the date of the offense, and the prosecution of the lesser included offense of attempted aggravated rape had to begin within eight years of the offense. T.C.A. § 40-2-101(b)(1)-(2); *Ferrante*, 269 S.W.3d at 912.

The purpose of this limitations period "is to protect a defendant against delay and the use of stale evidence and to provide an incentive for efficient prosecutorial action in criminal cases." *State v. Nielsen*, 44 S.W.3d 496, 499 (Tenn. 2001). Statutes of limitation are construed "liberally in favor of the criminally accused." *Ferrante*, 269 S.W.3d at 911 (citing *State v. Henry*, 834 S.W.2d 273, 276 (Tenn. 1992)). An accused who is tried for a felony, which is not barred by the statute of limitations, may not be convicted of a lesser included offense which is barred. *Hickey v. State*, 174 S.W. 269, 270 (Tenn. 1915); *State v. Hix*, 696 S.W.2d 22, 26 (Tenn. Crim. App. 1984) (overruled on other grounds by *State v. Messamore*, 937 S.W.2d 916, 919 n.3 (Tenn. 1996)).

According to Tennessee Code Annotated section 40-2-104, a prosecution is commenced by the following:

> [F]inding an indictment or presentment, the issuing of a warrant, the issuing of a juvenile petition alleging a delinquent act, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

T.C.A. § 40-2-104. This section "provides for the commencement of a prosecution by several methods, 'all deemed to provide the defendant with sufficient notice of the crime.'" *Ferrante*, 269 S.W.3d at 914 (quoting *State v. Tait*, 114 S.W.3d 518, 522 (Tenn. 2003)). "'A lawful accusation is an essential jurisdictional element of a criminal trial, without which there can be no valid prosecution.'" *Id.* (quoting *State v. Morgan*, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979)). Our supreme court "has long recognized that, 'prior to formal accusation, [a] defendant's rights are protected by the statute of limitations.'" *Id.* (quoting *State v. Baker*, 614 S.W.2d 352, 354 (Tenn. 1981)).

It is undisputed that the date of the offense is March 1, 1994. Absent tolling of the statute of limitations, the statutory limitations period for aggravated rape expired fifteen years later on March 1, 2009, and the statutory limitations period for attempted aggravated rape expired in eight years from the date of the offense, on March 1, 2002. Thus, because Appellant was convicted of the lesser included offense of attempted aggravated rape, absent tolling of the statute of limitations, the prosecution herein had to have commenced prior to March 1, 2002.

We agree with Appellant that the plain language of Tennessee Code Annotated section 40-2-104 provides six specific ways by which a prosecution may be commenced, and an affidavit of complaint is not listed among the alternatives. *See* T.C.A. § 40-2-104. According to Tennessee Rules of Criminal Procedure Rule 3, an affidavit of complaint is merely "a statement alleging that a person has committed an offense," and is not, standing alone, sufficient to provide formal notice of the offense charged. *See State v. Richard Gastineau*, No. W2004-02428-CCA-R3-CD, 2005 WL 3447678, at *3-4 (Tenn. Crim. App., Jackson, Dec. 14, 2005). Because an arrest warrant may or may not issue upon the affidavit of complaint, the "affidavit of complaint will not necessarily provide a defendant with notice that he is being charged with an offense, and an affidavit of complaint, with nothing more to provide a defendant with notice, is not a charging instrument." *Id.*

Because the defendant was not indicted by the John Doe indictment until June of 2006, and not named in the superceding indictment until May of 2008, both more than eight years after the offense, we must determine whether some other event occurred before the filing of the indictment that was sufficient to commence the prosecution in this case.

As indicated, the State asserts that the defendant's prosecution commenced with the issuance of the arrest warrant. Appellant insists that an affidavit of complaint, "standing alone, is insufficient to provide the requisite notice" for commencement of prosecution. Specifically, Appellant complains that the affidavit of complaint in this case is not sufficient to form the basis for a warrant because it gives no basis for the source of the information and therefore fails the tests set forth in *Spinelli v. United States*, 393 U.S. 410 (1969) and *State v. Jacumin*, 778 S.W.2d 430, 432 (Tenn. 1989). Appellant asserts that the warrant issued from the affidavit of complaint herein, even if it exists, is void because the affidavit of complaint was void.

### Probable Cause

A common sense reading of the affidavit of complaint in this case indicates that the information provided to Rita Brockman Baker was provided by the victim in the case. Such information provided by a citizen victim who is not in the "criminal milieu" is presumptively reliable and need not meet the strict standards of *Spinelli* and *Jacumin*. *State v. Williams*, 193 S.W.3d 502, 507 (Tenn. 2006); *State v. Melson*, 638 S.W.2d 342, 354 (Tenn. 1982); *State v. Lewis*, 36 S.W.3d 88, 98 (Tenn. Crim. App. 2000). We therefore find the affidavit sufficient for issuance of a warrant.

## Existence of Warrant

It appears from the transcript that during the discussion in the trial court concerning the timeliness of the prosecution the actual warrant issued on the affidavit of complaint had been lost and was not introduced. However, on October 10, 2010, the trial court forwarded a supplemental record to this Court consisting inter alia of all records in Case No. GS122, the number assigned to the affidavit of complaint. In the supplemental record is the warrant which issued upon Rita Brockman Baker's affidavit. Appellant made no objection to the supplemental record. It thus appears that the prosecution of Appellant commenced within the applicable statute of limitations.

## DNA Profile

Appellant also complains that use of DNA profile of a suspect identified as John Doe does not sufficiently identify the Appellant and thus cannot serve to toll the statute of limitations. In support of this position Appellant cites to what is apparently the only Tennessee case to address the subject. The un-reported case of *Billy James Matthews v. State* No. W2005-02939-CCA-R3-PC, 2006 WL 2843291 (Tenn. Crim. App., at Jackson Oct. 5, 2006), *perm. app. denied* (Tenn. Jan. 22, 2007). In dicta this Court held there is no explicit statutory exception for the tolling of the statute of limitations where the defendant is identified only by a DNA profile. This Court further stated only the legislature could create such a statutory exception. This is of course true. However, the issue here is whether a John Doe warrant with a DNA profile as its identifying information is sufficient to toll our statute of limitations as written. This appears to be a question of first impression in this state.

Although apparently not previously addressed by Tennessee courts, a number of other jurisdictions have addressed this precise issue and have found that a John Doe warrant coupled with a DNA profile sufficiently identifies a criminal defendant so as to toll the statute of limitations if the warrant is returned before the expiration of the statute of limitations. *See e.g. Commonwealth v. Dixon*, 938 N.E.2d 878, 880 (Mass. 2010) (determining that statute of limitations was tolled by issuance of indictment listing "John Doe" as perpetrator with a further description of DNA, gender, approximate height, and weight); *People v. Martinez*, 855 N.Y.S.2d 522, 524-226 (N.Y. App. Div. 2008) (finding that absent a constitutional or statutory prohibition, a "DNA indictment is an appropriate method to prosecute perpetrators of some of the most heinous criminal acts."); *State v. Danley*, 853 N.E.2d 1224, 1227-27 (Ct. Common Pleas, 2006) (determining that complaint and arrest warrant against "John Doe" that listed gender and DNA profile were sufficient to commence prosecution against defendant for rape and aggravated robbery, thereby tolling the statute of limitations); *State v. Dabney*, 663 N.W.2d 366, 371-72 (Wis. Ct. App. 2003) (holding that complaint and arrest warrant which identified defendant as "John Doe" with a specific DNA

profile satisfied particularity and reasonable certainty requirement for arrest warrant validity and did not create any notice issues that would implicate due process).

We believe that these cases are soundly reasoned. We hold that a John Doe warrant coupled with a DNA profile of an unknown suspected offender obtained before the expiration of the applicable statute of limitations may validly commence a criminal prosecution and toll the statute of limitations. We therefore find that in this case the John Doe warrant and DNA profile commenced the prosecution against Appellant in a timely fashion and tolled the statute of limitations until Appellant was identified and apprehended.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE