# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### June 7, 2005 Session

## STATE OF TENNESSEE v. DAVID KYLE GILLEY

**Appeal by Permission from the Court of Criminal Appeals
Circuit Court for Rutherford County
No. F-52137     Don Ash, Judge**

---

**No. M2003-00499-SC-R11-CD - Filed September 30, 2005**

---

We granted review of this interlocutory appeal to address the admissibility of prior acts of physical abuse committed by the defendant against the victim and others under Rule 404(b) of the Tennessee Rules of Evidence.  The trial court ruled prior to trial that the State's evidence of the defendant's prior acts was admissible in part and inadmissible in part.  After granting an interlocutory appeal as requested by both the defendant and the State, the Court of Criminal Appeals held that prior acts of physical abuse committed by a defendant against a victim are per se admissible at trial and that there is no longer a requirement for such a prior act to be relevant to a contested issue.  After our review of the record and applicable authority, we hold (1) that the trial court and the Court of Criminal Appeals erred in granting interlocutory review of the trial court's pretrial ruling on the admissibility of the evidence under Rule 404(b), and (2) that the Court of Criminal Appeals erred in holding that prior acts of physical abuse committed by a defendant against a victim are per se admissible at trial. As a result, the Court of Criminal Appeals' judgment is reversed, and the case is remanded to the trial court for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals
Reversed; Remanded to Trial Court**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Alfred H. Knight and Roger T. May, Nashville, Tennessee, for the Appellant, David Kyle Gilley.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Joseph F. Whalen, Associate Solicitor General; William C. Whitsell, Jr., District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

## Background

On May 31, 1984, at approximately 6:00 p.m., the partially-nude body of the victim, Laura Salmon, was found at the Hoover Rock Quarry in Rutherford County, Tennessee.[1] The victim had died from multiple blows to her head with rocks. A description of a person seen in the victim's car that same afternoon around 4:45 p.m. matched the defendant, David Kyle Gilley.

The defendant was interviewed by law enforcement officers after the victim's body was found. He told officers that he had known the victim while both attended Oakland High School in Murfreesboro, Tennessee, in 1982 and 1983, and that he and the victim had dated for two years. The defendant said that he had never been to the rock quarry with the victim, and he denied involvement in the victim's death. The defendant was not arrested or charged at that time.

In 2000, law enforcement officers who had reopened the investigation talked to Michelle Davenport. Davenport told officers that she had sexual relations with the defendant at the Hoover Rock Quarry in the summer of 1984. The defendant began to get rough, held her hair, and pinned her down with his arm across her chest. When Davenport told the defendant to stop, he became angry and asked if she wanted to "end up like" the victim. The defendant then told Davenport that he had killed the victim, who had been his girlfriend. Davenport told a family member and a friend about this incident, but she did not tell law enforcement officers until they interviewed her in 2000.

When the defendant was interviewed by law enforcement officers in November of 2000, he denied that he had ever been to the rock quarry with the victim. He told officers that he and the victim had a sexual relationship but that he "was never physically violent with her . . . ." He stated that the victim once "chipped her tooth when she jumped on me," and that they would often "scream and holler."

DNA testing was performed on the victim's clothing and a pair of blue jeans that had been covering the victim's body. Although DNA testing of semen from the victim's vagina and panties excluded the defendant, DNA testing of semen found on the blue jeans matched the defendant. The blue jeans were the same size as those worn by the defendant.

In March of 2001, the defendant was indicted for the premeditated first degree murder of the victim. Prior to trial, the State filed a notice of proposed evidence, consisting of over twenty witnesses who would testify about prior acts of physical abuse committed by the defendant against the victim or others. The evidence involved incidents that allegedly occurred while the defendant and the victim were in high school in 1982 and 1983, and while the victim attended college at

---

[1] Although this case has not yet been tried, the summary of evidence is taken from a transcript of the juvenile court transfer proceedings against the defendant, David Kyle Gilley, which is in the record on appeal.

Middle Tennessee State University ("MTSU") in 1983 and 1984. The defendant filed a motion to exclude the evidence of prior acts under Rule 404(b) of the Tennessee Rules of Evidence.

Following a two-day hearing on the motion to exclude prior to trial, the trial court ruled that the following evidence of incidents occurring between 1982 and 1984 would be admissible at trial: (1) the testimony of Lourene Mackey, the victim's mother, as to the defendant's assaults against the victim; (2) the testimony of Connie Shelton, Melinda Edwards, and Terri Brown McCrary regarding an incident in which the defendant pulled the victim's hair and pushed her face into the hood of a car; (3) the testimony of Melinda Edwards that the defendant shoved the victim into a locker; (4) the testimony of Mary Lester that the defendant repeatedly drove by MTSU to stare at the victim and had once twisted the victim's arm; and (5) the testimony of Kim Roberts that the defendant dragged the victim down a stairwell at MTSU. The trial court found clear and convincing evidence of these incidents and further concluded that the evidence was relevant to show the defendant's "motive," "intent," "hostility," and "settled purpose" to harm the victim.

In contrast, the trial court concluded that evidence of the defendant's other alleged prior acts would not be admissible at trial for the following reasons: (1) the testimony of Michelle Davenport "describing the nature of her encounter with the defendant" at the rock quarry in 1984 was "highly prejudicial"; (2) the testimony of Marty Milan that he saw the defendant twist the defendant's wife's arm in 1985 was not "so similar or so unique" as to show the defendant killed the victim; (3) the testimony of Laurie Carr that the defendant slammed her face into a car after she ended a relationship with him in 1990 was not "so similar or so unique" as to show the defendant killed the victim; (4) the testimony of Barbara Smith that the defendant stalked her and broke into her home was not "so similar or so unique" as to show the defendant killed the victim; (5) the testimony of Scott Mason that he heard the defendant slap the victim was not supported by clear and convincing evidence, and its probative value was outweighed by its unfair prejudicial effect; (6) the testimony of Bill Tenpenny that he saw the victim crying after being slapped by the defendant was cumulative, and its probative value was outweighed by its prejudicial effect; (7) the testimony of Reed Ridley that the defendant caught the victim's arm in a car window and then dragged her through a parking lot was cumulative, and its probative value was outweighed by its prejudicial effect; and (8) the testimony of John Jolley that he saw the defendant shove the victim one month before the murder was cumulative, and its probative value was outweighed by its prejudicial effect.

After the motion hearing and prior to trial, the trial court and the Court of Criminal Appeals granted an interlocutory appeal of the evidentiary rulings as requested by both the defendant and the State pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The Court of Criminal Appeals concluded that evidence of prior physical abuse committed by a defendant against the victim of a violent crime is per se admissible to establish the defendant's hostility toward the victim, malice, intent, and settled purpose to harm the victim. The court also indicated that such evidence need not be relevant to a material issue at trial. Although the Court of Criminal Appeals upheld nearly all of the trial court's rulings admitting and excluding the testimony, it observed that the trial court had erred in concluding prior to trial that some of the testimony was cumulative, as such a finding necessarily requires analysis of the evidence at trial.

We granted this appeal.

## Analysis

*Interlocutory Appeal*

Before addressing the merits of the issues, we begin our review by examining an unusual procedural issue that appears from the record: whether the trial court and the Court of Criminal Appeals correctly granted interlocutory review of the trial court's evidentiary rulings in this criminal case.

An interlocutory appeal requires the permission of both the trial court and the appellate court. See Tenn. R. App. P. 9(b) and (c). In determining whether to grant interlocutory review, the courts must consider

> (1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment.

Tenn. R. App. P. 9(a) (emphases added).

An interlocutory appeal is an exception to the general rule that requires a final judgment before a party may appeal as of right.[2] See Tenn. R. App. P. 3(d) ("An appeal as of right is an appeal that does not require permission of the trial or appellate court."). As a result, interlocutory appeals to review pretrial orders or rulings, i.e., those entered before a final judgment, are "disfavored," particularly in criminal cases. United States v. MacDonald, 435 U.S. 850, 853 (1978). The United States Supreme Court has cautioned that interlocutory review of pretrial rulings can create piecemeal appellate litigation and the "encouragement of delay [that] is fatal to the vindications of the criminal law." Id. at 853-54 (quoting Cobbledick v. United States, 309 U.S. 323, 325 (1940)).

---

[2] An "extraordinary" appeal, which is granted by permission of an appellate court, is also an exception to an appeal as of right. Tenn. R. App. P. 10.

Here, both the defendant and the State sought review of the trial court's rulings under Rule 404(b) of the Tennessee Rules of Evidence. Rule 404(b) states that evidence of "other crimes, wrongs or acts is not admissible to prove the character of a person or to show action in conformity with the character trait," but that such evidence "may . . . be admissible for other purposes." The rule includes the following conditions:

> (1) The court upon request must hold a hearing outside the jury's presence;
>
> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence;
>
> (3) The court must find proof of the other crime, wrong, or act to be clear and convincing; and
>
> (4) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Tenn. R. Evid. 404(b).

The safeguards in Rule 404(b) ensure that defendants are not convicted for charged offenses based on evidence of *prior* crimes, wrongs or acts. State v. James, 81 S.W.3d 751, 758 (Tenn. 2002). Where the procedures "are substantially followed, the trial court's decision will be given great deference and will be reversed only for an abuse of discretion." Id. at 759; see also State v. DuBose, 953 S.W.2d 649, 652 (Tenn. 1997).

With regard to the procedures under Rule 404(b), the Court of Criminal Appeals held that the trial court erred in finding that portions of the State's proposed evidence was cumulative to other evidence. The intermediate court explained that such a conclusion "must be made during the trial" because "[p]roof is not cumulative in a trial until the trial has begun." Although Rule 404(b) does not preclude the trial court from conducting a hearing or ruling prior to trial, we share the Court of Criminal Appeals' view that the Rule 404(b) criteria – in particular, the existence of a material issue at trial and the balancing of the probative value and unfair prejudice – require consideration of the evidence presented at trial. Thus, trial courts must be cognizant that if pretrial evidentiary rulings are made, they may need to be reconsidered or revised based on the evidence presented at trial.

We further conclude, however, that the trial court and the Court of Criminal Appeals erred in granting the defendant's request for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure for several reasons. First, interlocutory review was not necessary to prevent irreparable injury to the defendant because the trial court's rulings under Rule 404(b) can be challenged in an appeal as of right if the defendant is convicted. Second, the interlocutory appeal

was not likely to prevent needless, expensive and protracted litigation; not only can the rulings under Rule 404(b) be challenged on direct appeal, they are afforded great deference and may be reversed only if the appellate court concludes that the trial court abused its discretion. Moreover, interlocutory review of the trial court's rulings under Rule 404(b) increases the potential for piecemeal litigation since the appellate court's decision may (a) hinder the trial court's flexibility to revise its rulings depending on the evidence presented at trial or (b) result in another requested appeal should the trial court depart from the appellate court's decision based on the evidence presented at trial. Finally, because the trial has yet to begin, an interlocutory appeal to review evidentiary rulings would be largely advisory in nature and would not develop a uniform body of law.

We likewise conclude that the trial court and the Court of Criminal Appeals also erred in granting *the State* an interlocutory appeal, though the question is somewhat closer. Unlike the defendant, the State is not assured appellate review of the trial court's ruling; if the State's evidence is excluded and the defendant is acquitted, for instance, the State has no appeal as of right. That alone, however, does not end the inquiry. For instance, it is doubtful that granting the State an interlocutory appeal was necessary to prevent needless, expensive and protracted litigation; as noted above, the trial court's rulings under Rule 404(b) are afforded great deference and are reversible only if the trial court abused its discretion. Finally, as also stated above, an appellate court decision at this stage would be tantamount to an advisory ruling and would not be necessary to achieve uniformity in the law.

In sum, we conclude that the trial court and the Court of Criminal Appeals erred in granting interlocutory review over the trial court's rulings under Rule 404(b) because the criteria in Rule 9 of the Tennessee Rules of Appellate Procedure were not met.

*Rule 404(b) – Prior Acts of Physical Abuse*

Although we have concluded that the trial court and the Court of Criminal Appeals erred in granting this interlocutory appeal, we must address one substantive issue in the interest of judicial efficiency. The defendant complains that the Court of Criminal Appeals created a per se rule for the admissibility of evidence of physical abuse committed by a defendant against the victim. The State replies that the intermediate court reached the correct result even though it concedes the court's use of the term "per se" was "unfortunate."

As discussed above, Rule 404(b) contains several safeguards to the admission of a defendant's prior crimes, wrongs, or acts. One safeguard requires the trial court to "determine that a material issue exists other than conduct conforming with a character trait" and to "state on the record the material issue, the ruling, and the reasons for admitting the evidence." These required findings are vital in ensuring that defendants are not convicted for a charged offense based on their character or their alleged propensity to engage in particular conduct. James, 81 S.W.3d at 758. There are no exceptions in Rule 404(b) for cases involving evidence of a defendant's prior acts of physical abuse committed against a victim.

-6-

Notwithstanding the language in Rule 404(b), the Court of Criminal Appeals stated that evidence of prior physical abuse committed by a defendant against a victim is "seemingly per se admissible" under State v. Smith, 868 S.W.2d 561 (Tenn. 1993). In Smith, evidence of prior violent acts committed by the defendant against the victims was admitted in the defendant's trial for first degree murder. On appeal, this Court observed that the evidence "was admitted not to prove the Defendant acted in accord with this character but as part of the proof establishing his motive for the killings." Id. at 574. This Court also observed that the probative value of the evidence was not outweighed by the danger of unfair prejudice. Id.

Our decision in Smith did not establish a per se rule allowing the admission of evidence of prior acts of physical abuse committed by a defendant against a victim, nor did our decision abandon the requirement that such evidence must be relevant to a material issue at trial. To the contrary, we stated that the evidence was relevant to the defendant's motive. Id. at 574. Moreover, the evidence of motive was also circumstantial evidence of identity, which was a material issue at trial in light of the defendant's alibi defense. See id. at 568; see also Neil Cohen et al., Tennessee Law of Evidence § 4.04(9), p. 4-84 (4th ed. 2000) ("Although motive itself is rarely an issue in a case, it is often circumstantial proof of some other important matter, such as identity, intent, or lack of accident."). Given these principles, the Court of Criminal Appeals' broad interpretation of Smith was error.

Accordingly, because there is no per se rule of admissibility under Rule 404(b) for prior acts of abuse committed by a defendant against a victim, the trial court must, on remand, consider the admissibility of the State's proposed evidence by applying the specific safeguards set forth in Rule 404(b).

## **Conclusion**

After our review of the record and applicable authority, we hold (1) that the trial court and the Court of Criminal Appeals erred in granting interlocutory review of the trial court's pretrial ruling on the admissibility of the evidence under Rule 404(b), and (2) that the Court of Criminal Appeals erred in holding that prior acts of physical abuse committed by a defendant against a victim are per se admissible at trial. As a result, the Court of Criminal Appeals' judgment is reversed and the case is remanded to the trial court for further proceedings. Costs of the appeal are taxed equally between the defendant, David Kyle Gilley, and the State.

_____
E. RILEY ANDERSON, JUSTICE