IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**ZACHARY RYE ADAMS v. STATE OF TENNESSEE**

**Circuit Court for Hardin County**
**No. 17-CR-10-PC**

_____

**No. W2025-00823-CCA-R9-PC**

_____

**ORDER**

This matter is before the Court upon the application of the Petitioner, Zachary Rye Adams, for an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. The Defendant seeks to challenge the post-conviction court's order granting the State's motion in limine to exclude a recorded post-trial statement of his codefendant, Jason Autry. The Petitioner argued that the trial court erroneously determined that the statement did not satisfy the statement against interest exception to the hearsay rule. *See* Tenn. R. Evid. 804(b)(3). The State has filed a response in opposition to the motion. Based on the following, we deny the Petitioner's motion for an interlocutory appeal.

Factual and Procedural Background

In 2017, the Petitioner was convicted of one count of first degree premeditated murder, two counts of first degree felony murder, two counts of especially aggravated kidnapping, and three counts of aggravated rape in relation to the April 2011 disappearance of H.B. *See State v. Adams*, No. W2020-01208-CCA-R3-CD, 2022 WL 4114226, at *1 (Tenn. Crim. App. Sept. 9, 2022), *no perm. app. filed*. At trial, the Petitioner's codefendant, Mr. Autry, testified for the State that the Petitioner asked him to help dispose of the victim's body, that he saw the Petitioner shoot the victim while she was wrapped in a blanket, and that he heard the Petitioner and other codefendants make multiple incriminating statements. *Id*. at *9-11. Although the State initially sought the death penalty, the Petitioner entered an agreement with the State to be sentenced to life without the possibility of parole consecutive to fifty years' incarceration. *Id*. at *1. This Court affirmed the Petitioner's convictions on direct appeal. *Id.*

On July 31, 2023, the Petitioner filed a timely pro se petition for post-conviction relief. The post-conviction court appointed counsel, who filed several amended petitions. As relevant to this proceeding, the Second Amended Petition for Post-Conviction Relief,

filed on December 12, 2024, included an allegation that Mr. Autry had given a video-recorded statement on December 22, 2023, to defense investigator Dr. Katie Spirko in which he stated that he had fabricated his trial testimony. The Petitioner argued that this statement was relevant to his claim of ineffective assistance of counsel during the cross-examination of Mr. Autry, his claim of newly discovered evidence of actual innocence, and a procedural due process claim that Mr. Autry was acting as an agent of the State when he gave perjured testimony at trial. On May 15, 2025, the State filed a motion in limine asking the post-conviction court to exclude Mr. Autry's recorded statement as inadmissible hearsay. The Petitioner filed a response in opposition, and the post-conviction court conducted a hearing on May 19, 2025, prior to the beginning of the post-conviction evidentiary hearing.

The parties agreed that Mr. Autry was an unavailable witness under Tennessee Rule of Evidence 804(a) both because he could not be transported from federal custody and because he intended to invoke his Fifth Amendment rights if called to testify. Defense counsel argued that Mr. Autry's recorded statement was admissible as a statement against interest because it could potentially subject Mr. Autry prosecution for perjury or negatively impact his federal sentencing. *See* Tenn. R. Evid. 804(b)(3) ("A statement which was at the time of its making . . . so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true."). The State argued that the recorded statement was not reliable because Mr. Autry was intoxicated when he gave the statement and later claimed that the statement was an act of revenge against the prosecution.[1] The State disagreed that it could prosecute Mr. Autry for perjury based solely on the recorded statement.

The post-conviction court ruled that the recorded statement qualified as hearsay because it was being offered for the truth of the matter asserted. The post-conviction court found that the statement did not "so far tend[] to subject Mr. Autry to civil or criminal liability" to qualify as a statement against interest. The post-conviction court noted that the recorded interview was not given under oath and that there was no indicia of reliability under the circumstances. The trial court issued a written order elaborating on these findings on May 22, 2025.

Defense counsel orally requested a stay of the proceedings to seek interlocutory appeal.[2] The following morning, the post-conviction court orally granted the motion for

---

[1] Recorded jail phone calls in which Mr. Autry disavowed the statement on these grounds were admitted as an exhibit to the hearing on the motion in limine, along with the video-recorded statement.

[2] Other than quoting Rule 9, defense counsel did not specifically argue why an interlocutory appeal was necessary in this case. No written motion for an interlocutory appeal was filed. *See* Tenn. R. App. P. 9(b) ("The party seeking an appeal must file and serve a motion requesting such relief within 30 days after the date of entry of the order appealed from."). However, the State does not argue that the motion should be denied for failing to follow the procedural requirements of Rule 9.

an interlocutory appeal. The post-conviction court's written order, filed on May 23, 2025, certified the following issue for review: "whether this Court erred in excluding from evidence co-defendant Jason Autry's video-recorded interview, dated December 22, 2023." The post-conviction court stated that an interlocutory appeal is necessary to prevent irreparable injury and to prevent needless and protracted litigation, both premised on the possibility that this Court could reverse and remand for relitigation after an appeal from a final judgment.

Analysis

Tennessee Rule of Appellate Procedure 9 provides for an appeal "from an interlocutory order of a trial court . . . only upon application and in the discretion of the trial and appellate court." Tenn. R. App. P. 9(a). In granting a motion for an interlocutory appeal, a trial court must "state in writing the specific issue or issues the court is certifying for appeal and the reasons for its opinion." Tenn. R. App. P. 9(b). The appealing party must then file a separate application in this Court accompanied by copies of the trial court order from which an appeal is sought, the trial court's statement of reasons for granting permission to appeal, and any other part of the record necessary for consideration of the application. Tenn. R. App. P. 9(c), (d). The Petitioner's application is timely and provides sufficient information for this Court to issue a ruling.

Interlocutory appeals are an exception to the general rule requiring a final judgment; thus, these types of appeals are typically disfavored, especially in criminal cases. *State v. Gilley*, 173 S.W.3d 1, 5 (Tenn. 2005). "[W]hile neither controlling nor fully measuring the courts' discretion," an interlocutory appeal may be granted if both the trial and appellate courts determine the appeal is necessary to prevent irreparable injury; to prevent needless, expensive, and protracted litigation; or to develop a uniform body of law. Tenn. R. App. P. 9(a); *Gilley*, 173 S.W.3d at 5. In addition, this Court should consider whether the interlocutory order of the trial court fully disposes of the question presented in the application, whether the interlocutory order of the trial court constitutes merely a step towards final disposition of the merits of the case and would merge in a final judgment, and whether an important right will be lost if review is delayed until a final judgment has been entered. *State v. Gawlas*, 614 S.W.2d 74 (Tenn. Crim. App. 1980).

Our supreme court has noted that pretrial evidentiary rulings "may need to be reconsidered or revised based on the evidence presented at trial." *Gilley*, 173 S.W.3d at 6. Thus, an appellate court's decision on the merits of a pretrial evidentiary ruling in an interlocutory appeal can "hinder the trial court's flexibility to revise its ruling depending on the evidence presented at trial" and might "result in another requested appeal should the trial court depart from the appellate court's decision based on the evidence presented at trial." *Id.* Additionally, the trial court's rulings on evidentiary matters are afforded great deference and are only reversible if the trial court abused its discretion, and an appellate decision at this stage of the proceeding "would be tantamount to an advisory ruling" and

would not necessarily "achieve uniformity in the law." *Id.*

In his motion before this Court, the Petitioner primarily argues that an interlocutory appeal should be granted to prevent needless and protracted litigation. The Petitioner notes that several of his grounds for post-conviction relief are predicated at least in part upon the contents of Mr. Autry's recorded statement. The Petitioner acknowledges that evidentiary rulings are reviewed for an abuse of discretion, but he argues that he can overcome that hurdle because the post-conviction court misapplied the law to the facts in this case. The Petitioner contends that a finding that the post-conviction court erred on this evidentiary issue alone would support a reversal in an appeal after a final judgment. The State responds that the Petitioner has not overcome the disfavor against interlocutory appeals and that this issue may be raised in an appeal as of right after final judgment if the post-conviction court denies relief.

After careful consideration of the application and response, this Court concludes that an interlocutory appeal is not warranted in this case. The Petitioner has not shown that there is a risk of irreparable injury or that review after final judgment would be ineffective. Moreover, an interlocutory appeal of this matter would only create, rather than prevent, additional litigation given the fact that the Petitioner's case will likely still proceed through a post-conviction hearing and an appeal from any denial of relief. We note that an evidentiary ruling regarding the admissibility of the statement is not dispositive of any constitutional issue, and the post-conviction court may need flexibility to revise its ruling based on the evidence developed during the hearing. We also note that the trial court's order granting the Petitioner's request for an interlocutory appeal did not analyze the likelihood that this Court would reverse its decision given the abuse of discretion standard of review. Thus, the Petitioner has not shown that granting an interlocutory appeal would result in a net reduction of litigation. The Petitioner has not established that interrupting the post-conviction proceedings is necessary at this stage.

Based on the foregoing reasons, IT IS ORDERED that Petitioner's application for interlocutory appeal is hereby DENIED. This order does not pretermit the Petitioner's ability to include this issue in an appeal as of right following the post-conviction court's final judgment, should such become necessary. Because it appears that the Petitioner is indigent, costs associated with this appeal are hereby taxed to the State.

s/ Matthew J. Wilson, Judge
s/ Camille R. McMullen, Judge
s/ J. Ross Dyer, Judge
