IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. JOHN M. BYBEE**

**Circuit Court for Dickson County
No. 22CC-2023-CR-196**

_____

**No. M2025-01179-CCA-R9-CO**

_____

**ORDER**

This matter is before the Court upon application of the Defendant, John M. Bybee, for permission to pursue an interlocutory appeal. Tenn. R. App. P. 9. The State has filed a response in opposition. The Defendant seeks review of the trial court's order denying his motion to suppress evidence. Upon full consideration, the application is denied for the reasons stated below.

Rule 9 outlines the procedure for obtaining interlocutory appellate review of a trial court order. Both the trial and appellate court must approve the appeal. To that end, a party must first file a motion in the trial court requesting the appeal within thirty days of the order being appealed. Tenn. R. App. P. 9(b). If the trial court determines the interlocutory appeal shall be allowed to proceed, the party must then file an application for permission to appeal in this Court within ten days of the trial court's order granting the appeal. Tenn. R. App. P. 9(c). The application must be accompanied by copies of the trial court order from which appellate review is being sought, the trial court's statement of reasons for granting the appeal, and the other parts of the record necessary for consideration of the application. Tenn. R. App. P. 9(d). Thus, and because there is generally no record already on file when a party seeks a Rule 9 appeal, it is that party's responsibility to provide this Court with an *ad hoc* record of the proceeding below. The Defendant's application is sufficient for this Court's review.

**Background**

The Defendant seeks review of the trial court's order denying his motion to suppress the results of a blood draw following his arrest. As the State observes, the Defendant does not specifically identify with what crimes he has been charged. The affidavit of complaint, attached to the instant application, suggests the Defendant has been charged with driving under the influence of an intoxicant and violation of the implied consent law. Tenn. Code Ann. §§ 55-10-401; 55-10-406. In his motion to suppress, the Defendant alleged the

magistrate failed to sign the arresting officer's affidavit in support of the application for the search warrant. Following a hearing, the trial court denied the motion. The court found "that the State [] met its burden of proof as it pertains to the extrinsic evidence requirement and that the relevant affidavit was properly sworn." The trial court subsequently granted the Defendant's request to pursue this interlocutory appeal. In its order, the trial court certified the following issue for appeal: "Whether or not this Court properly denied the Defendant's *Motion to Suppress* the admissibility of blood test results obtained following a judicial magistrate's search warrant on October 15, 2022." The court then stated:

> This Court is of the opinion that the issue is appealable because of *the need to prevent needless, expensive and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of litigation if the challenged order is reversed.* A factor leading this Court to this opinion is the fact that the blood test results are likely dispositive. The Court is also of the opinion that the issues raised in the Defendant's *Motion to Suppress* case are unique and should be reviewed prior to a trial.

(Emphasis in original).

## Standard of Review

This Court's review of an application for an interlocutory appeal must begin with the supreme court's caution: "[I]nterlocutory appeals to review pretrial orders or rulings, i.e., those entered before a final judgment, are 'disfavored,' *particularly in criminal cases*." *State v. Gilley*, 173 S.W.3d 1, 5 (Tenn. 2005) (emphasis added). Again, Rule 9 requires permission from both the trial court and this Court to pursue an interlocutory appeal. Tenn. R. App. P. 9(a). To that end, Rule 9(a) sets forth the "character of reasons" the courts should consider when ruling on a request for an interlocutory appeal. "[W]hile neither controlling nor fully measuring the courts' discretion," an interlocutory appeal may be granted if both the trial and appellate court determine:

> (1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a

uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment.

Tenn. R. App. P. 9(a).

Rule 9(b) requires a trial court to "specify: (1) the legal criteria making the order appealable, as provided in subdivision (a) of this rule; (2) the factors leading the trial court to the opinion those criteria are satisfied; and (3) any other factors leading the trial court to exercise its discretion in favor of permitting an appeal." Tenn. R. App. P. 9(b). The rule also requires a trial court to also "state in writing the specific issue or issues the court is certifying for appeal and the reasons for its opinion." *Id.*

## Discussion

In his application before this Court, the Defendant merely adopts the reason set forth by the trial court in its order granting the appeal. The trial court did not opine the Defendant will suffer irreparable injury that cannot be reviewed on appeal after trial, however. Indeed, it is apparent the order of the trial court denying the motion to suppress is merely a step towards final disposition of the merits of this case and the rights of the Defendant will not be lost if review of the issue is delayed until entry of final judgment. If the Defendant is acquitted of the charges, the question becomes moot. If convicted, he may appeal the issue to this Court pursuant to Rule of Appellate Procedure 3.

Moreover, the trial court did not specifically explain why *immediate* review is necessary, especially when the suppression issue presented is one which typically is raised on direct appeal. Nothing in the trial court's written order justifies interrupting the prosecution at this stage of the proceeding and granting an interlocutory appeal without any specific explanation in support thereof. The trial court's simple recitation of the language of Rule 9(a) is insufficient. Indeed, if this Court affirms the trial court's ruling in an interlocutory appeal, the case will become even more prolonged. Thus, an interlocutory appeal would not result in a net reduction of the litigation in this case.

Rule 9 further contemplates "the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment." Tenn. R. App. P. 9(a). Neither the trial court nor the Defendant highlights any inconsistent orders or opinions on the issue, however. Again, appellate review of the trial court's ruling can occur upon entry of final judgment, if necessary. Thus, contrary to the statement of the trial court, there is nothing "unique" about this case.

3

Finally, neither the Defendant nor the trial court discuss the existence or relevance of any other evidence in this case. The trial court stated in its order authorizing the interlocutory appeal that "the blood test results are likely dispositive." However, as the State observes in its response, the Defendant surmised during the suppression hearing:

> So as Your Honor knows, we are here about a motion to suppress on one specific piece of evidence in this case. This is not about the entire case. But this is about whether or not a blood alcohol result can be admitted into trial. So it[] doesn't necessarily end the case, but it is an important piece of evidence for [the] case.

However, if the suppression issue is indeed dispositive, as suggested by the trial court, then nothing prevents the Defendant from utilizing the procedure set forth in Rule of Criminal Procedure 37(b)(2)(A) to obtain quicker review.

By granting the application in this situation, interlocutory review would be reduced to the standard rather than the exceptional procedural avenue it is meant to be. Having to wait for appellate review of an issue raised in a pretrial motion to suppress is common in criminal cases.

## Conclusion

For these reasons, the Defendant's application is hereby denied. Costs are taxed to the Defendant.

Wedemeyer, P.J., Holloway, J., Easter, J.