IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. DANIEL JOSEPH WILLIAMS

**Circuit Court for Sevier County**
**No. 23-CR-616**

_____

**No. E2025-01399-CCA-R9-CD**

_____

## ORDER

The Defendant has filed an application for interlocutory appeal, *see* Tennessee Rules of Appellate Procedure 9, seeking review of the trial court's order denying his motion to suppress evidence seized from a search of his vehicle. The Defendant argues that interlocutory review of the trial court's order is required to prevent irreparable harm and to prevent needless and protracted litigation. Tenn. R. App. P. 9(a)(1) and (2). The State has filed an answer in opposition to the Defendant's application. Following our review, the Defendant's application for interlocutory appeal is DENIED.

### FACTUAL BACKGROUND

On May 1, 2023, a Sevier County grand jury indicted the Defendant for ten counts of possession with the intent to manufacture, sell, or deliver a Schedule II drug, Tennessee Code Annotated section 39-17-417(c); three counts of possession with the intent to manufacture, sell, or deliver a Schedule III drug, Tennessee Code Annotated section 39-17-417(d); one count of possession with the intent to manufacture, sell, or deliver a Schedule V drug, Tennessee Code Annotated section 39-17-417(f); failure to maintain the lane while operating a motor vehicle, Tennessee Code Annotated section 55-8-123; and unlawful use of a wireless telecommunications device while operating a motor vehicle, Tennessee Code Annotated section 55-8-199. On February 18, 2025, the Defendant filed a motion to suppress the evidence seized at his April 7, 2022 traffic stop, arguing that the initial stop was not supported by probable cause and that the prolonged detention and subsequent search of his vehicle violated his Fourth Amendment rights.

At a hearing on April 14, 2025, law enforcement officers testified that they initiated a traffic stop after witnessing the Defendant driving with "his cell phone in his hand" and "hit[ting] the yellow line." Because the Defendant was the subject of an ongoing

narcotics investigation, law enforcement also requested a "canine officer" to perform a "canine search" for the presence of drugs.  When the canine alerted on the driver's side door, law enforcement discovered "[q]uite a bit of cash and several baggies of pills, narcotics, that [the Defendant] did not have a prescription for." Approximately thirteen minutes elapsed from the initial stop to the Defendant's arrest.  The Defendant testified at the suppression hearing that he was driving a new vehicle with "dark window tint."  He also stated that the vehicle was equipped with Bluetooth.  Further, he denied driving with his cell phone in his hand.

The trial court accredited the testimony of the law enforcement officers and found that law enforcement had observed the Defendant driving with his cell phone in his hand and failing to maintain the lane.  The trial court further found that the canine had alerted to the presence of drugs within nine minutes of initiating the stop and that "[t]he nine-minute delay was not an inordinate amount of delay."  The trial court ruled that the search was lawful and denied the Defendant's motion to suppress.[1]

The Defendant filed a motion in the trial court requesting interlocutory review.[2] On June 24, 2025, the trial court held a hearing on the Defendant's request.   On September 3, 2025, the trial court entered a written order granting review based upon its determination that an interlocutory appeal was required to prevent needless, expensive, and protracted litigation.  *Id*. 9(a)(2).  In granting interlocutory review, the trial court listed the three issues that had been submitted for review in the Defendant's motion:

1. Whether Officer Levi Morton had probable cause to effect a traffic stop of the Defendant's vehicle on April 7, 2022[,] for failure to maintain a lane and use of a cell phone while driving?

2. Whether the detention of the Defendant exceeded the constitutionally lawful period of detention considering the cite and release statute and the hands free device law, T.C.A. § 55-8-199, and roadways laned for traffic law, T.C.A. § 55-8-123, so as to make the subsequent search and seizure of evidence illegal and therefor inadmissable?

---

[1]  A copy of the trial court's order denying the motion to suppress is not included in the application before this court.

[2]  A copy of the Defendant's motion for interlocutory review is not included in the application before this court, so this court is unable to confirm its filing date.  That said, the trial court noted in is written order granting interlocutory review that the Defendant had filed a timely motion on May 12, 2025. *See* Tenn. R. App. P. 9(b) (stating that "[t]he party seeking an appeal must file and serve a motion requesting such relief within 30 days after the date of entry of the order appealed from").

3. Whether law enforcement possessed probable cause under the automobile exception to the warrant requirement to search of the Defendant's vehicle?

The Defendant filed a timely application from the trial court's order granting review. *Id*. 9(c). The State filed a timely answer in opposition to the Defendant's application.

## ANALYSIS

Rule 9(a) provides the following criteria for determining whether to grant interlocutory appeal:

(1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective;

(2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and

(3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment.

*Id*. 9(a)(1)-(3).

"An interlocutory appeal is an exception to the general rule that requires a final judgment before a party may appeal as of right." *State v. Gilley*, 173 S.W.3d 1, 5 (Tenn. 2005). To that end, the Tennessee Supreme Court has stated repeatedly that "interlocutory appeals to review pretrial orders or rulings, i.e., those entered before a final judgment, are 'disfavored,' particularly in criminal cases." *Id.*; *see also State v. Meeks*, 262 S.W.3d 710, 720 (Tenn. 2008); *State v. McKim*, 215 S.W.3d 781, 790 (Tenn. 2007); *State v. Scarborough*, 201 S.W.3d 607, 612 n.2 (Tenn. 2006); *Reid v. State*, 197 S.W.3d 694, 699 (Tenn. 2006); *State v. Williams*, 193 S.W.3d 502, 506 (Tenn. 2006). "[T]hus, it is incumbent on the party seeking the appeal . . . to satisfy the court or courts that there are appropriate grounds for an interlocutory appeal." *Meeks*, 262 S.W.3d at 720.

In his application before the court, the Defendant asserts that interlocutory review is necessary to prevent irreparable harm and to prevent needless, expensive and protracted

litigation.  Tenn. R. App. P. 9(a)(1) and (2).  In response, the State urges this court to deny the Defendant's application, arguing that the trial court failed to properly certify the issues presented for review in its order.  *See id*. 9(b) (stating that "the trial court shall state in writing the specific issue or issues the court is certifying for appeal").  On the merits of the application, the State argues that the application for interlocutory appeal should be denied because the Defendant has failed to show the necessity for immediate review in that the Defendant will not suffer irreparable injury if interlocutory review is denied and interlocutory review will increase—rather than decrease—litigation in this case.

As to the State's procedural argument, this court has noted that the trial court's order granting interlocutory review lists the three issues raised by the Defendant.  While the best practice would be for the trial court to explicitly certify the issues presented on appeal, we conclude that the trial court's listing the issues raised by the Defendant and ruling that those issues should be reviewed sufficiently frames and limits the issues presented to this court.  We are not inclined to deny review based upon this procedural nuance.  *See State v. Presley*, No. E2025-00166-CCA-R9-CD (Tenn. Crim. App. Apr. 4, 2025) (Order) (declining to apply the strict certification requirements found in Tennessee Rule of Criminal Procedure 37(b)(2)(A) to a trial court's order granting interlocutory appeal where issues are sufficiently expressed in trial court's order).  More problematic to this court's review, however, is the absence of the trial court's order denying the motion to suppress from the Defendant's application.  Rule 9 requires that the application filed to this court "shall be accompanied by an appendix containing copies of: (1) the order appealed from." *Id*. 9(d).  But for the Defendant's including with his application a transcript of the suppression hearing that provides a sufficient record of the trial court's findings and conclusions, we would deny the application for this procedural shortcoming.

In any event, we conclude that the Defendant failed to establish the necessity for interlocutory review.  Any issue surrounding the trial court's denial of the Defendant's motion to suppress evidence can be easily reviewed on direct appeal via either a certified question following a guilty plea or following a conviction at trial.  Therefore, the Defendant will not suffer irreparable harm without interlocutory review.  Further, "[a] ruling on a motion to suppress or exclude evidence is clearly a step taken in the disposition of a criminal case on the merits; and this court will not grant an application for an interlocutory appeal to review the judgment of the trial court denying such a motion." *Weems v. State*, No. W1999-00033-CCA-R3-PC, 2000 WL 140462, at *2 (Tenn. Crim. App. Feb. 2, 2000) (citing *State v. Hartsville*, 629 S.W.2d 907 (Tenn. Crim. App. 1980)).  Ergo, an interlocutory appeal would extend litigation in this case.  Simply put, granting interlocutory review from the trial court's order denying a motion to suppress would negate the long-standing principle that interlocutory appeals are "disfavored" in criminal cases.

*Gilley*, 173 S.W.3d at 5.

## CONCLUSION

Accordingly, the Defendant's application for permission to appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure is DENIED.  The costs associated with this proceeding are taxed to the Defendant, Daniel Joseph Williams, for which let execution issue, if necessary.

JUDGE STEVEN W. SWORD
JUDGE TOM GREENHOLTZ
JUDGE KYLE A. HIXSON