IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. CHRISTOPHER LEE FAULKNER

**Circuit Court for Gibson County
No. H10918**

_____

**No. W2025-02107-CCA-R9-CD**

_____

### ORDER

This matter is before the Court upon the application of the Defendant, Christopher Lee Faulkner, for an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. The Defendant seeks to challenge the trial court's order denying his motion to suppress evidence seized pursuant to a search warrant. The State has filed a response in opposition to the motion. Based on the following, we deny the Petitioner's motion for an interlocutory appeal.

### Factual and Procedural Background

In March 2024, officers with the Gibson County Sheriff's Office executed a search warrant for the Defendant's home. The Defendant was subsequently indicted for nine counts of drug- and weapon-related offenses. On December 9, 2024, the Defendant filed a motion to suppress, arguing that the affidavit used to obtain the search warrant did not sufficiently establish probable cause. According to the affidavit, multiple confidential informants reported that the Defendant was selling marijuana and that he was in possession of large quantities of marijuana, methamphetamine, and several guns at his residence. The Defendant argued that the affidavit did not establish the informants' credibility, reliability, or basis of knowledge and that much of the information was stale.

The trial court conducted a suppression hearing on March 7, 2025, during which the parties presented arguments and the trial court examined the four corners of the search warrant. The search warrant affidavit stated that on March 7, 2024, the police interviewed an anonymous informant, who stated that they were in the Defendant's residence within the past 72 hours and saw the Defendant in possession of methamphetamine, "a large amount of marijuana" in various forms, and "several guns that he was using to protect his illegal drugs." The anonymous informant stated that the Defendant recently purchased a "newer model Jaguar" even though he had not worked in a long time. The police used

surveillance to corroborate the layout of the Defendant's property and the presence of a black Jaguar. Additionally, the police had previously received similar information from two reliable confidential informants that the Defendant was selling marijuana from his residence and that he possessed several guns. The affidavit stated that one of the confidential informants was interviewed eight months prior to the issuance of the search warrant. During the preliminary hearing, the officer who obtained the warrant testified that although the second confidential informant was interviewed in March 2024, he had not been in the Defendant's residence for two months. The State argued that the information provided by the anonymous informant was adequately corroborated by the confidential informants. Counsel for the Defendant argued that the information provided by both confidential informants was stale and that the police corroboration of the Defendant's property was not sufficient to establish the veracity of the information provided by the anonymous informant.

At the conclusion of the hearing, the trial court ruled that the information provided by "two independent sources" regarding the Defendant's "drug activities at the house" as well as "specifics that you wouldn't know otherwise," such as "storing the drugs . . . inside the shop," was sufficient to corroborate the information provided by the anonymous informant. Although the trial court was "concerned about the timeliness" of the information from the confidential informants, the court emphasized that "they observed the same things that the anonymous person reported." The trial court concluded that while it was "not a perfect warrant," it was "minimally, legally sufficient." The trial court issued an order denying the suppression motion on March 24, 2025. The order reiterated that "the credibility of the [anonymous] tipster's information establishe[d] probable cause for the warrant, when taken in conjunction with the two additional independent sources upon which [the officer] relied in obtaining the warrant."

On April 22, 2025, the Defendant filed a motion for permission to seek an interlocutory appeal. The Defendant asserted that there was a need to prevent irreparable injury because he "faces prosecution and possible conviction for nine counts and the high probability of incarceration if convicted." The Defendant asserted that review upon final judgment "would be ineffective because the result of this appeal will be factually and legally outcome determinative as to whether the Defendant can be prosecuted." Similarly, the Defendant asserted that if he were successful, an interlocutory appeal "will avoid the expense of a trial," reducing the overall duration and expense of litigation. Finally, the Defendant asserted that this case presents "a unique set of facts" and "an extraordinary legal quagmire," resulting in "a need to establish a uniform body of law."

On December 22, 2025, the trial court issued an order granting the Defendant's motion for an interlocutory appeal. The trial court found that interlocutory review may prevent needless and protracted proceedings because "it is likely that review in the Court of Criminal Appeals will be completed by the time the defendant can be tried" given the court's current trial schedule. Additionally, the trial court found that the duration and

expense of litigation would be "entirely reduced if the challenged order is reversed" because all of the evidence obtained through the search warrant would be suppressed. The trial court also agreed that "these unique facts and issues creates a need to develop a uniform body of law." The trial court certified the following issue for review:

> Whether the trial court erred when it denied the Defendant's Motion to Suppress when the State of Tennessee relied on an affidavit that failed to establish probable cause due to the absence of sufficient information to establish the basis for the anonymous informant's knowledge and the anonymous informant's credibility or reliability as well as the fact the information relied upon was stale, resulting in the execution of an invalid search warrant and a search and seizure in violation of the Defendant's fourth and fifth amendment rights.

The Defendant filed his Rule 9 application in this Court on December 31, 2025. The State filed a response in opposition on January 29, 2026.

Analysis

Tennessee Rule of Appellate Procedure 9 provides for an appeal "from an interlocutory order of a trial court . . . only upon application and in the discretion of the trial and appellate court." Tenn. R. App. P. 9(a). In granting a motion for an interlocutory appeal, a trial court must "state in writing the specific issue or issues the court is certifying for appeal and the reasons for its opinion." Tenn. R. App. P. 9(b). The appealing party must then file a separate application in this Court accompanied by copies of the trial court order from which an appeal is sought, the trial court's statement of reasons for granting permission to appeal, and any other part of the record necessary for consideration of the application. Tenn. R. App. P. 9(c), (d). The Defendant's application is timely and provides sufficient information for this Court to issue a ruling.

Interlocutory appeals are an exception to the general rule requiring a final judgment; thus, these types of appeals are typically disfavored, especially in criminal cases. *State v. Gilley*, 173 S.W.3d 1, 5 (Tenn. 2005). "[W]hile neither controlling nor fully measuring the courts' discretion," an interlocutory appeal may be granted if both the trial and appellate courts determine the appeal is necessary to prevent irreparable injury; to prevent needless, expensive, and protracted litigation; or to develop a uniform body of law. Tenn. R. App. P. 9(a); *Gilley*, 173 S.W.3d at 5. In addition, this Court should consider whether the interlocutory order of the trial court fully disposes of the question presented in the application, whether the interlocutory order of the trial court constitutes merely a step towards final disposition of the merits of the case and would merge in a final judgment, and whether an important right will be lost if review is delayed until a final judgment has been entered. *State v. Gawlas*, 614 S.W.2d 74 (Tenn. Crim. App. 1980).

After reviewing the application and response, we conclude that this case does not meet the criteria for interlocutory review under the terms of Tennessee Rule of Appellate Procedure 9. The Defendant has not established the need to prevent irreparable injury. *See* Tenn. R. App. P. 9(a)(1). Although he asserts that his liberty interest is at stake, this is no different from every other defendant seeking appellate review after conviction. There is nothing about this case that suggests that review on direct appeal would be ineffective. If the suppression issue is truly dispositive of the case, nothing prevents the Defendant from utilizing the procedure set forth in Tennessee Rule of Criminal Procedure 37(b)(2)(A). Generally speaking, "[a] ruling on a motion to suppress or exclude evidence is clearly a step taken in the disposition of a criminal case on the merits; and this court will not grant an application for an interlocutory appeal to review the judgment of the trial court denying such a motion." *State v. Williams*, No. E2025-01399-CCA-R9-CD, 2025 WL 2888039, at *3 (Tenn. Crim. App. Oct. 10, 2025) (quoting *Weems v. State*, No. W1999-00033-CCA-R3-PC, 2000 WL 140462, at *2 (Tenn. Crim. App. Feb. 2, 2000)). The Defendant has not established that granting an interlocutory appeal would result in the net reduction of litigation. *See* Tenn. R. App. P. 9(a)(2). Finally, the Defendant has not established that there is a need to develop a uniform body of law. Even if the trial court's ruling is erroneous, the Defendant has not shown "the existence of inconsistent orders of other courts" or that the issue "will not otherwise be reviewable upon entry of final judgment." Tenn. R. App. P. 9(a)(3). Accordingly, interrupting the trial proceedings at this stage of the prosecution is not warranted under the terms of Rule 9.

Based on the foregoing reasons, IT IS ORDERED that Defendant's application for interlocutory appeal is hereby DENIED. This order does not pretermit the Defendant's ability to include this issue in an appeal as of right following the trial court's final judgment, should such become necessary. Costs associated with this appeal are hereby taxed to the Defendant.

s/ John W. Campbell, Judge
s/ Camille R. McMullen, Judge
s/ Matthew J. Wilson, Judge