IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. JONATHAN ABERNATHY**

**Circuit Court for Giles County**
**No. CR18250**

_____

**No. M2026-00332-CCA-R9-CO**

_____

**ORDER**

This matter is before the Court upon application of the Defendant, Jonathan Abernathy, for permission to pursue an interlocutory appeal. Tenn. R. App. P. 9. The State has filed a response in opposition. The Defendant seeks review of the trial court's order denying his motion to suppress evidence. Upon full consideration, the application is denied for the reasons stated below.

**Rule of Appellate Procedure 9**

Rule 9 outlines the procedure for obtaining interlocutory appellate review of a trial court order. Both the trial and appellate court must approve the appeal. To that end, a party must first file a motion in the trial court requesting the appeal within thirty days of the order being appealed. Tenn. R. App. P. 9(b). If the trial court determines the interlocutory appeal shall be allowed to proceed, the party must then file an application for permission to appeal in this Court within ten days of the trial court's order granting the appeal. Tenn. R. App. P. 9(c). The application must be accompanied by copies of the trial court order from which appellate review is being sought, the trial court's statement of reasons for granting the appeal, and the other parts of the record necessary for consideration of the application. Tenn. R. App. P. 9(d). Thus, and because there is generally no record already on file when a party seeks a Rule 9 appeal, it is that party's responsibility to provide this Court with an *ad hoc* record of the proceeding below. The Defendant's application is sufficient for this Court's review.

**Background**

The Defendant is charged with several drug and weapons related offenses. He filed a motion to suppress evidence seized at his residence pursuant to a search warrant. That warrant stemmed from the statements a witness made to the police following an alleged assault that occurred at the residence. The witness is the victim of the alleged assault

committed by someone other than the Defendant. The Defendant argued in his motion in the trial court that the affidavit in support of the warrant included unreliable and noncredible information from the witness and thus it failed to establish probable cause. The trial court held a hearing on the motion to suppress. At the conclusion of the hearing, the trial court ruled orally from the bench that the totality of the circumstances presented in the affidavit supported a finding of probable cause to search the Defendant's residence for evidence of possible crimes. It does not appear the trial court filed a written order memorializing its ruling, as the Defendant did not include one with his current application.

Thereafter, the Defendant moved the trial court for permission to pursue an interlocutory appeal. The Defendant argued he would suffer irreparable harm because he remains incarcerated pending trial. He also argued, without any real explanation, that an interlocutory appeal would avoid needless, expensive and protracted litigation, and that:

> [an] interlocutory appeal will assist the Tennessee courts in developing a uniform body of law relating to the U.S. and Tennessee Constitutions' provisions protecting against unreasonable search and seizures. The body of law relating to those relevant provisions and amendments are actively and frequently challenged. Guidance from the Court of Criminal Appeals and, potentially, the Tennessee Supreme Court is necessary to address the following issues, among others:
>
> > a. To what extent must an affidavit of probable cause in support of a search warrant establish reliability, veracity, and corroboration of informants;
> >
> > b. If it is fatal of an affidavit to misstate the purpose of the search warrant being to either confirm or deny the informant's statements versus of the already established belief there is contraband in the area to be searched;
> >
> > c. Under a totality of circumstances analysis, what factors are important to the trial court in establishing whether information from an informant can be used to establish probable cause; and
> >
> > d. The definition of a citizen informant and possible alterative scenarios in which the court can analyze factors identifying a citizen informant.

Finally, the Defendant asserted "[t]he search warrant and affidavit in question resulted in its execution and recovery of all the evidence that is the basis of the charges against

2

Defendant. If such a motion were to be granted, then there would be no evidence to prosecute Defendant with, resulting in its dismissal." The trial court agreed. In its order, it stated, as relevant to the discussion below:

1. The Defendant may suffer severe irreparable harm by the denial of a Rule 9 appeal. Defendant is currently incarcerated and will remain incarcerated until trial and a following direct appeal. The issue may take an ample amount of time to be resolved on appeal.

2. The issue presented is dispositive of the case. The suppression issue involves a search warrant that was executed producing all the evidence that would be used against Defendant at trial.

3. An interlocutory appeal may result in a decrease in the duration of litigation, burden on this Court, and Giles County. It is in the best interest of judicial economy to allow Defendant's Rule 9 interlocutory appeal.

4. The issue presented involved an ever-evolving issue regarding the U.S. Constitution's 4th Amendment. Unreasonable searches and seizures are at the forefront of many motions before this Court and courts across Tennessee. An interlocutory appeal would aid in forming a uniform body of law.

**Standard of Review**

This Court's review of an application for an interlocutory appeal must begin with the supreme court's caution: "[I]nterlocutory appeals to review pretrial orders or rulings, i.e., those entered before a final judgment, are 'disfavored,' *particularly in criminal cases*." *State v. Gilley*, 173 S.W.3d 1, 5 (Tenn. 2005) (emphasis added). Again, Rule 9 requires permission from both the trial court and this Court to pursue an interlocutory appeal. Tenn. R. App. P. 9(a). To that end, Rule 9(a) sets forth the "character of reasons" the courts should consider when ruling on a request for an interlocutory appeal. "[W]hile neither controlling nor fully measuring the courts' discretion," an interlocutory appeal may be granted if both the trial and appellate court determine:

(1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the

litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment.

Tenn. R. App. P. 9(a).

Rule 9(b) requires a trial court to "specify: (1) the legal criteria making the order appealable, as provided in subdivision (a) of this rule; (2) the factors leading the trial court to the opinion those criteria are satisfied; and (3) any other factors leading the trial court to exercise its discretion in favor of permitting an appeal." Tenn. R. App. P. 9(b). The rule also requires a trial court to also "state in writing the specific issue or issues the court is certifying for appeal and the reasons for its opinion." *Id.*

## Discussion

In his application before this Court, the Defendant phrases the issue presented as follows: "Whether an informant's hearsay statement in the affidavit of a search warrant establishes probable cause under the totality-of-the-circumstances analysis when there is no language in the affidavit evidencing or finding of her trustworthiness, veracity, reliability, or corroboration of her statements through independent police work, and there exists language in the affidavit expressly stating that the need of the search warrant is to either prove or disprove the witness's statements." As to the Rule 9 factors recited above, the Defendant reiterates the trial court's conclusory statement that "[a]n interlocutory appeal may result in a decrease in the duration of litigation." He then argues how the trial court's ruling on his motion to suppress was erroneous. To that end, the Defendant contends:

> If the trial court's suppression order were allowed to stand, then law enforcement would be allowed to procure search warrants lacking probable cause. It would allow law enforcement to seek probable cause after the fact, without first establishing probable cause. This violates the fundamental constitutional rights of every citizen to be protected against unreasonable searches and seizures by the government. *See* U.S. Const. amend. IV; Tenn. Const. art. I, § 7. Therefore, the suppression issue presented in this interlocutory appeal is not only dispositive and necessary to prevent needless litigation in Mr. Abernathy's case specifically, but also highly important to curb illegal government intrusions in all cases where search warrants are being applied for without established probable cause.

In response, the State argues this Court lacks jurisdiction to consider the

Defendant's application because the Defendant and/or the trial court failed to comply with the procedural requirements of Rule 9. Specifically, the State observes the trial court did not file a written order memorializing its ruling on the Defendant's motion to suppress. Rule 9(b) provides a party may seek an interlocutory appeal "within 30 days after the date of entry of the order appealed from." Furthermore, Rule 9(d) requires an application to this Court to include a copy of "the order appealed from." It appears the trial court did not file a written order in this instance. The Defendant did attach a copy of the transcript of the hearing held on the motion to suppress which recounts the trial court's ruling from the bench. Tenn. R. App. P. 9(d) (application shall include "the other parts of the record necessary for determination of the application for permission to appeal"). The State also argues the trial court's order granting permission to seek an interlocutory appeal does not state "the specific issue or issues the court is certifying for appeal and the reasons for its opinion." Tenn. R. App. P. 9(b). The State asserts the trial court's order, as quoted above, merely references the "suppression issue" involving a "search warrant" without identifying the specific issue presented. Despite these procedural shortcomings, the State argues the Defendant does not demonstrate why an interlocutory appeal is necessary or appropriate in this case.

Initially, this Court agrees the trial court failed to comply with the requirements of Rule 9. It is unclear why the trial court did not file a written order memorializing its ruling from the bench. That is the preferred practice in this type of situation. Furthermore, Rule 9(b) was amended in 2021 by requiring "that a trial court's order certifying as appealable an interlocutory order of the court shall state the specific issue or issues for consideration by the appellate court." *Id.*, Advisory Commission Comments [2021]. As the State observes, the trial court's order "does not even quote a defendant's statement from his motion of the specific issue to be appealed." Nevertheless, this Court "may suspend the suspend the requirements or provisions" of certain Rules of Appellate Procedure in "the interest of expediting decision upon any matter." Tenn. R. App. P. 2. The Defendant's application includes copies of the motion to suppress, the State's response thereto, the transcript of the hearing on that motion, the Defendant's motion for a Rule 9 appeal, and the trial court's order granting that motion. Having reviewed those materials, the Court has decided to address whether an interlocutory appeal is warranted in this case.

To that end, and for the reasons stated below, this Court disagrees with the trial court that interrupting further proceedings at this stage of the prosecution is warranted. The underlying issue here involves an ordinary probable cause analysis. First and foremost, it is apparent the order of the trial court denying the motion to suppress is merely a step towards final disposition of the merits of this case and the rights of the Defendant will not be lost if review of the issue is delayed until entry of final judgment. If the Defendant is acquitted, the question becomes moot. If convicted, he may appeal the issue to this Court pursuant to Rule of Appellate Procedure 3. In other words, the Defendant will not be

denied the opportunity to appeal the issue at a later date, if necessary. The Defendant has simply failed to establish how any irreparable injury will occur within the usual course of judicial proceedings in this particular case. To the extent the Defendant complains about his current confinement pending trial, Rule of Appellate Procedure 8 provides a separate means for obtaining review of the trial court's actions in that regard, if appropriate.

Similarly, this Court disagrees that an interlocutory appeal will result in a net reduction in the duration and expense of this litigation. The trial court did not specifically explain why *immediate* review is necessary, especially when the suppression issue presented is one which typically is raised on direct appeal. If this Court affirms the trial court's ruling in an interlocutory appeal, the case will become even more prolonged. Neither the trial court nor the Defendant identify anything especially unique about the nature of the litigation in this case. The trial court and the Defendant both suggest the suppression issue is likely dispositive of the case. If so, and to obtain quicker review, nothing prevents the Defendant from utilizing the procedure set forth in Rule of Criminal Procedure 37(b)(2)(A) for appealing a certified question of law.

Rule 9 further contemplates "the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment." Tenn. R. App. P. 9(a). Neither the trial court nor the Defendant highlights any inconsistent orders or opinions on the issue, however. Again, appellate review of the trial court's ruling can occur upon entry of final judgment, if necessary. This Court has repeatedly held that Rule 9 is not an appropriate vehicle for obtaining an advisory opinion on an issue which would otherwise be available for review later on direct appeal.

By granting the application in this instance, interlocutory review would be reduced to the standard rather than the exceptional procedural avenue it is meant to be. The Defendant merely wants an answer to the question now. Having to wait for appellate review of an issue raised in a pretrial motion to suppress is common in criminal cases.

## Conclusion

For these reasons, the Defendant's application is hereby denied. Because it is evident the Defendant has been declared indigent, costs are taxed to the State.

Easter, J., Wedemeyer, P.J., Ayers, J.